IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARLOS A. ARREDONDO, in his capacity as Trustee of The 2000 Trust for the Grandchildren of Carlos A. Arredondo and Mari V. Arredondo, General Partner of Arredondo Properties Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>CAESAR A. ARREDONDO, individually and in his capacity as Trustee of The 2000 Trust for the Grandchildren of Caesar A. Arredondo and Carolyn Abad Arredondo; THE 2000 TRUST FOR THE GRANDCHILDREN OF CAESAR A. ARREDONDO AND CAROLYN ABAD ARREDONDO, in its capacity as General Partner of Arredondo Properties Limited Partnership; and ARREDONDO & CO., LLC,<br><br>Defendants. | CIV. ACTION NO: 3:02 CV 2200 (CFD)<br><br><br><br>Filed NOVEMBER 3, 2003 |

### REPORT OF PARTIES' RULE 26(f) PLANNING MEETING

Date Complaint Filed: December 12, 2002.

Date Complaint Served: December 23, 2002.

Date of Defendant's Appearance: January 6, 2003.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on November 3, 2003. The participants were:

David J. Stewart and Robert P. Dolian for plaintiff Carlos A. Arredondo.

Craig A. Raabe for defendants Caesar A. Arredondo, The 2000 Trust For The Grandchildren of Caesar A. Arredondo And Carolyn Abad Arredondo, and Arredondo & Co., LLC.

## I. Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction

### A. Subject Matter Jurisdiction

The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202 because this case arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and the Trademark Act of 1946, 15 U.S.C. § 1051, et seq.

### B. Personal Jurisdiction

Personal jurisdiction is not contested.

## III. Brief Description of Case

### A. Claims of Plaintiff

Plaintiff Carlos A. Arredondo ("Carlos") is the trustee of a trust that is one of two General Partners of Arredondo Properties Limited Partnership ("APLP"), a Connecticut limited partnership. Carlos's brother, Defendant Caesar A. Arredondo ("Caesar"), is the trustee of a trust that is the other General Partner of APLP.

Through wholly-owned subsidiaries, APLP owns and operates eight (8) high-end self-storage facilities located in Connecticut and New York that do business under the service mark

WESTY. Carlos and Caesar jointly own three (3) limited liability corporations that own and operate three (3) high-end self-storage facilities in Connecticut under the WESTY mark.

Defendant Arredondo & Co., LLC ("Arredondo & Co.") is a limited liability company formed by Carlos and Caesar to provide site selection, building design, construction, accounting, and tax services to storage facilities operated under the WESTY mark. Carlos and Caesar originally owned Arredondo & Co. jointly, but Carlos sold his interest in the company to Caesar on December 31, 1999.

Carlos contends that APLP is the owner of all right, title and interest in and to the trademarks and service marks WESTY, WESTY'S, a Terrier Design, and the slogan SELF STORAGE MADE EASY (the "WESTY Marks"). Carlos contends that each of the current eleven (11) WESTY branded self-storage facilities use the WESTY Marks by license from APLP.

Caesar and Arredondo & Co. contend that Arredondo & Co. is the exclusive owner of all right, title and interest in and to the WESTY Marks. On or about September 3, 2002, Arredondo & Co. filed applications for registration of the WESTY, WESTY'S and Terrier Design marks with the U.S. Patent and Trademark Office ("PTO").

Carlos, acting in his capacity as trustee of one of the two General Partners of APLP, filed the present action under the Federal Declaratory Judgment Act seeking a declaration that APLP, not Arredondo & Co., is the sole and exclusive owner of the WESTY Marks. Carlos further requests that the Court order Arredondo & Co. to abandon any applications it has filed to register any of the WESTY Marks.

**B.    Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendants**

The defendants dispute the Plaintiff's description of the case set forth above and deny that APLP owns the WESTY marks and they deny that APLP operates any of the WESTY facilities. To the contrary, Arredondo & Co, LLC ("A & CO") is, and has been, the owner of the WESTY marks and operates all eleven WESTY facilities on a day-to-day basis. A & CO has openly used the WESTY marks in commerce. On December 31, 1999, Carlos sold by written contract his interest in A & CO to Caesar, specifically including Carlos' interest in the WESTY marks, and he released Caesar from all claims and agreed not to bring a lawsuit such as this present action.

Further, for more than a decade, APLP and Carlos engaged in proactive and deliberate conduct that is inconsistent with his claim that APLP owns the WESTY marks and therefore the doctrines of estoppel, waiver, accord and satisfaction, laches and acquiescence bar the plaintiff's claim. During that decade from the creation date of WESTY self-storage, Carlos never claimed ownership of the WESTY marks in APLP. Indeed, during that decade, Carlos repeatedly claimed trademark ownership in entities other than APLP that Caesar and Carlos owned jointly. Carlos did not assert a claim of ownership in APLP until just prior to filing this suit and almost three years after selling his interest in A& CO. and the trademarks and after releasing Caesar from all claims.

Based on Carlos' undisputed words and deeds, the defendants maintain that this case is well-suited for resolution through summary judgment. Indeed, while the plaintiff insisted on discovery related to summary judgment, he agreed through counsel on October 17, 2003 before this Court that summary judgment is the appropriate procedure for resolution of this case.

## IV. Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. Carlos and Caesar Arredondo are brothers who have engaged in various real estate oriented business ventures together since 1961.

2. In 1980, the brothers formed Arredondo Properties Limited Partnership ("APLP").

3. The General Partners of APLP are The 2000 Trust for the Grandchildren of Carlos A. Arredondo and Mari V. Arredondo (the "Carlos Arredondo Trust") and The 2000 Trust for the Grandchildren of Caesar A. Arredondo and Carolyn Abad Arredondo (the "Caesar Arredondo Trust").

4. Arredondo & Co., LLC ("Arredondo & Co.") is a limited liability company.

5. Until December 31, 1999, Arredondo & Co. was jointly owned in equal shares by Carlos and Caesar Arredondo.

6. On September 3, 2002, Arredondo & Co. filed federal trademark registration applications for the WESTY'S, WESTY and Terrier Design marks with the U.S. Patent and Trademark Office ("PTO"). The PTO assigned these applications Serial Nos. 76-445,815, 76,446,777, and 76-446,778 respectively.

## V. Case Management Plan

### A. Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

1.      The Plaintiff and the Defendants have no further motions relating to joinder of parties, claims or remedies, class certification, and amendment of the pleadings.

2.      Discovery Close: The parties have been unable to agree on discovery deadlines in the case. The parties therefore set forth their proposals separately below for the Court's decision:

Plaintiff's Position: Discovery should close six (6) months from the Court's denial of Defendants' Motion to Dismiss, or April 20, 2004. Plaintiff believes that it will be entitled to summary judgment at the close of discovery; however, Plaintiff disagrees with Defendants' proposal that discovery should be bifurcated between discovery necessary to resolve summary judgment and discovery necessary to resolve the parties' claims on the merits at trial. Discovery on all issues relative to the merits of the case is necessary to properly present this case to the Court on summary judgment. Plaintiffs are not seeking damages in this case; therefore, bifurcation would do nothing but add further delay to a case that Defendants have already caused to be delayed unreasonably.

Defendants' Position: The defendants maintain that they are entitled to summary judgment and, therefore, discovery should be limited strictly to those issues addressed in the summary judgment motion and on which the plaintiff can arguably create a material factual dispute. See Fed. R. Civ. Pro. 56(f); Powers v. McGuigan, 769 F.2d 72, 76 (2d Cir. 1985) (discovery properly limited to issues presented in summary judgment motion). At the hearing on the defendants' motion to stay discovery on October 17, 2003, the plaintiff agreed before this Court that this case is suitable for disposition by summary judgment upon some discovery. Accordingly, the defendants propose that discovery be phased by first setting a deadline of December 20, 2003 for discovery related to summary judgment. If the case is not resolved through summary judgment, a second phase of discovery will commence and will be completed

- 6 -

by June 15, 2005. The defendants propose that no second phase discovery occur while the summary judgment motion remains pending.

    3.    Summary Judgment Motions:

<u>Plaintiff's Position</u>: Motions for summary judgment shall be filed within thirty (30) days of the close of discovery, or by May 19, 2004.

<u>Defendants' Position</u>: Defendants have filed a motion for summary judgment. Any further motions for summary judgment shall be filed by March 1, 2005.

**B.    Scheduling Conference with the Court**

The defendant requests a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). Plaintiff does not believe that a scheduling conference is necessary and that all scheduling issues can be properly considered and resolved through the positions of the parties presented in this Rule 26(f) Report.

**C.    Early Settlement Conference**

1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2.    The parties do not request an early settlement conference.

3.    If the Court orders a settlement conference, the parties prefer a settlement conference with a magistrate judge.

4.    The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

E.   **Joinder of Parties and Amendment of Pleadings**

1. Plaintiff filed a motion to amend the pleadings on May 2, 2003. In their motion for summary judgment, Defendants indicate that they do not oppose that motion.

F.   **Discovery**

Plaintiff's Position:

1. Discovery shall close on April 20, 2004.

2. The parties shall designate expert witnesses and produce expert witness reports by February 15, 2004. The parties shall designate rebuttal expert witnesses and produce rebuttal expert witness reports by March 30, 2004.

3. The parties should be allowed to serve 40 interrogatories, including subparts, on each opposing party.

Defendants' Position:

1. In light of the fact that both parties independently believe they will be entitled to summary judgment, the defendants maintain that discovery should be in phases. The first phase, related to the defendants' pending motion for summary judgment, will be limited to document discovery and written discovery on:

   1. The creation, registration, use and ownership of the WESTY trademarks,
   2. Formation, ownership and dissolution of Westy New York, Inc.,
   3. Formation, ownership and dissolution of Westy Connecticut, Inc.,
   4. Formation and ownership of Arredondo & Co. and
   5. Formation and ownership of APLP.

In the event of second phase discovery, the parties anticipate broader discovery on the issue of the ownership, assets, and business operations of APLP, Arredondo & Co., Westy Connecticut, Inc.; and Westy New York, Inc. and subsidiary or related organizations. Defendants submit that if second phase discovery is necessary, such discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed (not propounded) by June 15, 2005.

2. Discovery will be conducted in two phases in relation to the pending summary judgment motion.

3. In the event of second phase discovery, the parties anticipate that they will require up to a total of 12 depositions of fact witnesses. The depositions will be completed prior to the close of the discovery period as ordered by this Court.

4. In the event of second phase discovery, the parties will request permission to serve more than 25 interrogatories.

5. Defendants are uncertain whether they will call expert witnesses at trial. If the Court orders that discovery close pursuant to the plan Defendants propose, Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 31, 2004. Depositions of such experts will be completed by April 1, 2005.

**G.   Dispositive Motions**

Plaintiff's proposal: On or before May 19, 2004.

Defendants' proposal: On or before March 1, 2005.

### H. Joint Trial Memorandum

Plaintiff's proposal: The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by May 31, 2004, or thirty (30) days after any dispositive motions are decided, whichever date is later.

Defendants' proposal: The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by August 5, 2005, or thirty (30) days after any dispositive motions are decided, whichever date is later.

## VI. TRIAL READINESS

Plaintiff's proposal: The case will be ready for trial by June 30, 2004, or thirty (30) days after the joint trial memorandum is filed, whichever date is later.

Defendants' proposal: The case will be ready for trial by September 1, 2005, or thirty (30) days after the joint trial memorandum is filed, whichever date is later.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF CARLOS A. ARREDONDO, in his capacity as Trustee of The 2000 Trust for the Grandchildren of Carlos A. Arredondo and Mari V. Arredondo, General Partner of Arredondo Properties Limited Partnership

By _[signature]_  Date: Nov 3, 2003
Robert P. Dolian ct 04278
Cummings & Lockwood LLC
Four Stamford Plaza, P.O. Box 120
Stamford, CT 06904-0120
Tel.: (203) 327-1700
Fax: (203) 351-4535

DEFENDANTS CAESAR A. ARREDONDO, et al.

By _____        Date: 11·3·03
Craig A. Raabe ct. 04116
Elizabeth A. Fowler ct 23584
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT
Tel.: (860) 275-8200
Fax: (860) 275-8299