**EXHIBIT E**

Application file history from PTO
obtained by Finnegan

A&Co 01036

12

09-03-2002

U.S. Patent & TMOfc/TM Mail Rcpt Dt. #67

APPLICANT: Arredonodo & Company, LLC
ADDRESS: Metro Center
         One Station Place
         Stamford, CT 06902-6800

GOODS AND SERVICES: Transportation of others goods by truck; storage of records, furniture and various other goods of others.

DATE OF FIRST USE: December 15, 1997

DATE OF FIRST USE IN COMMERCE: December 15, 1997




76446778

A&Co 01037

Trademark

FORM PTO-102
5/99

U.S. DEPARTMENT OF COMM[ERCE]
Patent and Trademark [Office]

76-446778



PRINCIPAL

LAW OFFICE ~~103~~ 116

76-446778

**FILING DATE**
September 3, 2002

**ORIGINAL APPLICANT**
Arredondo & Company, LLC

**GOODS/SERVICES (CLASS 039)**
supplying storage services, namely wareh (ETC)

**FILING BASIS**
USE

**ORIGINAL CORRESPONDENT**
GEZA C. ZIEGLER, JR., ESQ.

ATTORNEY ADVISOR: _Dupey John_

A&Co  01038

| Approved for Publication (Principal Register) (Signature/Date) | | |
|---|---|---|
| Approved for Registration (Section 1(d)) (Signature/Date) | NOP | NOA |
| Approved for Registration (Supplemental Register) (Signature/Date) | ☐ Abandoned | |

Trademark



U.S. Patent & TMOfc/TM
76446778

Serial Number
(Bar Code)

BEING DELIVERED
JAN 16 2003
LAW OFFICE 113

## PROSECUTION HISTORY

| Entry | Date | Initials |
|---|---|---|
| | JAN 27 2003 | |
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |
| 11. | | |
| 12. | | |
| 13. | | |
| 14. | | |
| 15. | | |
| 16. | | |
| 17. | | |
| 18. | | |
| 19. | | |
| 20. | | |
| 21. | | |
| 22. | | |
| 23. | | |
| 24. | | |
| 25. | | |
| 26. | | |
| 27. | | |
| 28. | | |
| 29. | | |
| 30. | | |

☐ See inside of file for additional entries

A&Co 01039

```
*** User: jdwyer ***
```

| #  | Total Marks | Dead Marks | Liv Viewed Docs | Live Viewed Images | Status/ Search Duration | Search |
|----|-------------|------------|-----------------|--------------------|-----|--------|
| 01 | 12          | 6          | 6               | 1                  | 0:01 | "arredondo"[ow] |
| 02 | 5964        | N/A        | 0               | 0                  | 0:01 | "030108"[dc] |
| 03 | 3924        | N/A        | 0               | 0                  | 0:01 | "030116"[dc] |
| 04 | 6053        | N/A        | 0               | 0                  | 0:01 | "030124"[dc] |
| 05 | 11397       | N/A        | 0               | 0                  | 0:01 | (2 or 3 or 4) not 1 |
| 06 | 48389       | N/A        | 0               | 0                  | 0:03 | "039"[ic] |
| 07 | 10207       | N/A        | 0               | 0                  | 0:02 | (200, a, b)[ic] |
| 08 | 205         | 90         | 115             | 115                | 0:01 | 5 and (6 or 7) |

```
Session started  1/16/03 12:06:22 PM
Session finished 1/16/03 12:12:41 PM
Total search duration 0 minutes 11 seconds
Session duration 6 minutes 19 seconds

Default NEAR limit= 1 ADJ limit= 1


Sent to TICRS as Serial Number: 76446778
```

A&Co 01040

UNITED STATES PATENT AND TRADEMARK OFFICE   JAN 27 2003

SERIAL NO: 76/446778

APPLICANT: Arredondo & Company, LLC

CORRESPONDENT ADDRESS:
    GEZA C. ZIEGLER, JR., ESQ.
    PERMAN & GREEN, LLP
    425 POST ROAD
    FAIRFIELD, CT 06824-6232

RETURN ADDRESS:
Commissioner for Trademarks
2900 Crystal Drive
Arlington, VA 22202-3513
ecom116@uspto.gov

MARK:

CORRESPONDENT'S REFERENCE/DOCKET NO: 630-002451-U

CORRESPONDENT EMAIL ADDRESS:

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

## EXAMINER'S AMENDMENT/PRIORITY ACTION

**OFFICE SEARCH:** The examining attorney has searched the Office records and has found no similar registered or pending mark which would bar registration under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d). TMEP section 704.02.

TO AVOID ABANDONMENT, WE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF OUR MAILING OR E-MAILING DATE. This case will be given priority as an amended case if you respond to the requirements stated below within two months.

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY.**

RE: Serial Number 76/446778

### EXAMINER'S AMENDMENT

In accordance with the authorization granted by Geza C. Ziegler, Jr., Esq., on January 24, 2003, the application has been AMENDED as indicated below. If the identification of goods or services has been amended, please note that any future amendments must be in accordance with 37 C.F.R. 2.71(a); TMEP section 1402.07(e). Please advise the undersigned if there is an objection to the amendment.

A&Co 01041

**Recitation of Services**
The recitation of services has been amended to:

<u>International Class 39</u>
Supplying storage services, namely warehouse and general storage; Providing storage facilities and storage services for others, namely warehouse storage facilities, including climate controlled and non climate controlled spaces, locker storage services, and the storage of containers for the storage of goods; Providing self-storage facilities, namely the rental of units in a building for the storage of goods of others; Rental of moving equipment and vehicles, namely dollies and moving carts, trailers, trailer hitches and tow dollies, moving vans and trucks for moving goods, and furniture pads; Transportation of others goods by truck; Storage of records, furniture and various other goods of others.

**Name of the Applicant**
The application has been noted to indicate that the correct name of the applicant is Arredondo & Company, LLC.

## PRIORITY ACTION

This case will be given priority as an amended case if you respond to the requirements stated below within two months.

**Specimen Required**
An application based on use of the mark in commerce under Trademark Act Section 1(a), 15 U.S.C. §1051(a), must include a specimen showing use of the mark in commerce on or in connection with the services. TMEP §904. The application does not contain a specimen. The applicant must submit a specimen, and must submit the following statement:

> The specimen was in use in commerce at least as early as the filing date of the application.

This statement must be verified with an affidavit or a declaration under 37 C.F.R. §2.20. 37 C.F.R. §2.59(a); TMEP §904.09.

**New Drawing Required**
The drawing is not acceptable because it contains gray shading around the exterior of the design of the dog's head and it will not reproduce satisfactorily. The applicant must submit a new drawing showing the mark clearly and conforming to 37 C.F.R. §2.52. TMEP §807.07(a). The requirements for a special-form drawing are as follows:

(1) The drawing must appear in black and white; no color is permitted.

(2) Every line and letter must be black and clear.

(3) The use of gray to indicate shading is unacceptable.

A&Co 01042

(4) The lining must not be too fine or too close together.

(5) The preferred size of the area in which the mark is displayed is 2½ inches (6.1 cm.) high and 2½ inches (6.1 cm.) wide. It should not be larger than 4 inches (10.3 cm.) high or 4 inches (10.3 cm.) wide.

(6) If the reduction of the mark to the required size renders any details illegible, the applicant may insert a statement in the application to describe the mark and these details.

37 C.F.R. §2.52; TMEP §§807.01(b) and 807.07(a). The Office will enforce these drawing requirements strictly.

The Office prefers that the drawing be depicted on a separate sheet of smooth, nonshiny, white paper 8 to 8½ inches (20.3 to 21.6 cm.) wide and 11 inches (27.9 cm.) long, and that the sheet contain a heading listing, on separate lines, the applicant's complete name; the applicant's address; the goods or services recited in the application; and, if the application is filed under Section 1(a) of the Act, the dates of first use of the mark and of first use of the mark in commerce; or, if the application is filed under Section 44(d), the priority filing date of the foreign application. 37 C.F.R. §2.52(b); TMEP §§807.01(a), 807.01(b), 807.01(c) and 807.07(a).

If the applicant has any questions or needs assistance in responding to this Office action, please telephone the assigned examining attorney.

/John Dwyer/
Examining Attorney
Law Office 116
Telephone (703) 306-7928
RightFax (703) 746-8116
Ecom116@uspto.gov

**How to respond to this Office Action:**

To respond formally using the Office's Trademark Electronic Application System (TEAS), visit http://www.uspto.gov/teas/index.html and follow the instructions.

To respond formally via E-mail, visit http://www.uspto.gov/web/trademarks/tmelecresp.htm and follow the instructions.

To respond formally via regular mail, your response should be sent to the mailing Return Address listed above and include the serial number, law office and examining attorney's name on the upper right corner of each page of your response.

To check the status of your application at any time, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov/

A&Co 01043

For general and other useful information about trademarks, you are encouraged to visit the Office's web site at **http://www.uspto.gov/main/trademarks.htm**

**Fee increase effective January 1, 2003**

Effective January 1, 2003, the fee for filing an application for trademark registration will be increased to **$335.00** per International Class. The USPTO will not accord a filing date to applications that are filed on or after that date that are not accompanied by a minimum of $335.00.

Additionally, the fee for amending an existing application to add an additional class or classes of goods/services will be $335.00 per class for classes added on or after January 1, 2003.

A&Co 01044

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Mark: Design
International Class: 039
Attorney Docket No.: 630-002451-US(-TM)

BOX NEW APPLICATION
FEE
Commissioner for Trademarks
2900 Crystal Drive
Arlington, VA 22202-3513

APPLICATION FOR TRADEMARK REGISTRATION

Sir:         vs Arredondo

Arredondo & Company, LLC, Applicant, is a Connecticut corporation organized and existing under the laws of the State of Connecticut with offices at Metro Center, One Station Place, Stamford, CT 06902-6800.

Applicant requests registration of the above-identified mark shown in the accompanying drawing in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. 1051 et. seq. as amended) for:

> Supplying storage services, namely warehouse and general storage;

> Providing storage facilities and storage services for others, namely warehouse storage facilities, including climate controlled and non climate controlled spaces, locker storage services, and the storage of containers for the storage of goods;

A&Co 01045

2

> Providing self-storage facilities, namely the rental of units in a building for the storage of goods of others;
>
> Rental of moving equipment and vehicles, namely dollies and moving carts, trailers, trailer hitches and tow dollies, moving vans and trucks for moving goods, and furniture pads, all of the above in International Class 039.

The mark was first used in connection with the above-identified goods and services in International Class 39 at least as early as December 15, 1997, and was first used in commerce as early as December 15, 1997, and is still in use in such commerce. The mark is affixed on labels or tags attached to the goods.

The mark was first used by Applicant's predecessor company Westy Connecticut, Inc. and the prior use inures to the benefit of the Applicant.

The undersigned hereby appoints Clarence A. Green, a member of the Bar of the States of Connecticut, New York, and the Commonwealth of Massachusetts; Janik Marcovici, a member of the Bar of the States of Connecticut and New York; and Geza C. Ziegler Jr., a member of the Bar of the States of Connecticut and New York, all of the law firm of PERMAN & GREEN, LLP, 425 Post Road, Fairfield, Connecticut 06824-6232, to prosecute this application to register, to transact all business in the Patent and Trademark Office in

A&Co 01046

3

connection therewith, and to receive the certificate of registration.

Please address all correspondence to:

    Geza C. Ziegler, Jr., Esq.
    PERMAN & GREEN, LLP
    425 Post Road
    Fairfield, CT  06824-6232
    (203) 259-1800 Ext. 134

The undersigned declares that he is an officer of applicant corporation; he believes said corporation to be the owner of the mark sought to be registered; that to the best of his knowledge and belief no other person, firm, corporation, association, or entity has the right to use said mark in commerce either in the identical form or in such near resemblance thereto as may be likely, when applied to the goods or services of such other person, to cause confusion, or to cause mistake, or to deceive; that all statements made herein of his own knowledge are true, and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application or document or any registration resulting therefrom.

Date: 30AUG02            By: _____

                                Name: Edward Arredondo

                                Title: DEVELOPMENT MANAGER/PARTNER

A&Co 01047

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Mark: Design
International Class: 039
Attorney Docket No.: 630-002451-US(-TM)

**BOX NEW APPLICATION**
**FEE**
Commissioner for Trademarks
2900 Crystal Drive
Arlington, VA  22202-3513

### TRANSMITTAL OF TRADEMARK APPLICATION

Sir:

Enclosed is the trademark application of Arredondo & Company, LLC for the mark WESTY.

Also enclosed is our check for $325.00 as payment of the filing fee.

Please charge any fee deficiencies to Deposit Account No. 16-1350.

Respectfully submitted,

_____          _____8/30/2002_____
Geza C. Ziegler, Jr., Esq.                Date

PERMAN & GREEN, LLP
425 Post Road
Fairfield, CT  06824-6232
(203) 259-1800 Ext. 134

### EXPRESS MAIL CERTIFICATE

I hereby certify that the attached above-identified paper(s) and/or fee(s) are being deposited with the United States Postal Service "Express Mail Post Office to Addressee" service under 37 C.F.R. 1.10 on the date indicated below, Express Mail label number EL336869009US, addressed to "Commissioner For Trademarks, Box New Application Fee, 2900 Crystal Drive, Arlington, VA 22202-3513".

_____8/30/2002_____                    _____Debi Conrad_____
Date                                      Name of Person Making Deposit

                                          _____Debi Conrad_____
                                          Signature

A&Co 01048

RECEIVED
FEB 1 4 2003
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.

A&Co 01049

**EXHIBIT F**

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
2900 Crystal Drive
Arlington, Virginia 22202-3513

Mailed: September 22, 2003

Opposition No. **91-156,040**
91-156,192
91-157,195

Carlos A. Arrendondo

v.

Arredondo & Company, LLC

**Peter Cataldo, Interlocutory Attorney**

Opposer's consented motion (filed on August 22, 2003 in Opposition No. 157,195) for consolidation and suspension of the above referenced proceedings is granted as indicated below.

<u>Opposition No. 157,195 Consolidated with Previously Consolidated Opposition Nos. 156,040 and 156,192</u>

When cases involving common questions of law or fact are pending before the Board, the Board may order the consolidation of the cases. See Fed. R. Civ. P. 42(a); *Regatta Sport Ltd. v. Telux-Pioneer Inc.*, 20 USPQ2d 1154 (TTAB 1991); and *Estate of Biro v. Bic Corp.*, 18 USPQ2d 1382 (TTAB 1991). In determining whether to consolidate proceedings, the Board will weigh the savings in time, effort, and expense which may be gained from consolidation, against any prejudice or inconvenience which may be caused thereby. *See, for example*, Wright & Miller, *Federal*

*Practice and Procedure:* Civil 2d §2383 (1999); and *Lever Brothers Co. v. Shaklee Corp.*, 214 USPQ 654 (TTAB 1982). Consolidation is discretionary with the Board, and may be ordered upon motion granted by the Board, or upon stipulation of the parties approved by the Board, or upon the Board's own initiative. *See, for example, Hilson Research Inc. v. Society for Human Resource Management*, 27 USPQ2d 1423 (TTAB 1993); and *Regatta Sport Ltd. v. Telux-Pioneer Inc.*, 20 USPQ2d 1154 (TTAB 1991).

Inasmuch as the parties to the instant proceedings are identical and the issues are substantially the same, Opposition No. 157,195 is hereby consolidated with Opposition Nos. 156,040 and 156,192.

The consolidated cases may be presented on the same record and briefs. *See Hilson Research Inc. v. Society for Human Resource Management, supra*; and *Helene Curtis Industries Inc. v. Suave Shoe Corp.*, 13 USPQ2d 1618 (TTAB 1989).

The Board file will be maintained in Opposition No. 156,040 as the "parent" case. As a general rule, from this point on only a single copy of any paper or motion should be filed herein; but that copy should bear all three proceeding numbers in its caption. Exceptions to the general rule involve stipulated extensions of the discovery and trial

dates, and briefs on the case. *See* Trademark Rules 2.121(d) and 2.128.

Despite being consolidated, each proceeding retains its separate character and requires entry of a separate judgment. *See* Wright & Miller, *Federal Practice and Procedure, supra*. The decision on the consolidated cases shall take into account any differences in the issues raised by the respective pleadings; a copy of the decision shall be placed in each proceeding file.

Consolidated Proceedings Suspended

Opposer's consented motion to suspend the proceeding pending final determination of a civil action between the parties is hereby granted as conceded. *See* Trademark Rules 2.127(a) and 2.117(a).

Accordingly, these consolidated proceedings remain suspended pending final disposition of the civil action between the parties.

Within twenty days after the final determination of the civil action, the interested party should notify the Board so that this case may be called up for appropriate action. During the suspension period the Board should be notified of any address changes for the parties or their attorneys.

\* \* \* \* \*