A

# POWSNER & POWSNER

ATTORNEYS AT LAW

599 LEXINGTON AVENUE

28TH FLOOR

NEW YORK, NEW YORK 10022

PAUL D. POWSNER
STEVEN J. POWSNER

MICHEL NARDI*
*ALSO ADMITTED IN PA. & D.C.

November 8, 1989

TELEPHONE
(212) 328-5999

TELECOPIER
(212) 761-3785

Arredondo Properties Limited Partnership
2 Greenwich Plaza
Greenwich, CT 06830

Re: 351 North Main Street
    Port Chester, New York

Gentlemen:

This is in response to your inquiry as to the distinction between a tenant and a licensee, with respect to the use of the word "tenant", in Table III-704 relating to "Minimum Fire – Resistance Requirements of Structural Elements" of General Building Construction, by the State of New York.

A&Co 05142

- 2 -

Very truly yours,

Powsner & Powsner

By: /s/ Steven J. Powsner
    Steven J. Powsner

A&Co 05118



A&Co 22864

```
                    Craig Pedersen
                    Autocad Consulting Services
                    1611-29 Washington Blvd.
                    Stamford, Connecticut  06902
```

Mr. Caesar Arredondo
Arredondo & Co.
2 Greenwich Plaza
Greenwich, CT  06830

Invoice 8903

December 27, 1989

Dear Caesar,
      Listed below are the hours to date on the Storage Campus for Port Chester.

| Date | Service Description | Hours |
|---|---|---|
| Dec. 09, 89 | Check / Revise Drawings | 8.0 |
| Dec. 12, 89 | Check / Revise Drawings | 3.0 |
| Dec. 14, 89 | Check / Revise Drawings | 2.5 |
| Dec. 16, 89 | Check / Revise Drawings | 7.0 |
| Dec. 19, 89 | Check / Revise Drawings | 3.5 |
| Dec. 20, 89 | Check / Revise Drawings | 8.0 |
| Dec. 21, 89 | Check / Revise Drawings | 5.5 |
| Dec. 25, 89 | Check / Revise Drawings | 7.5 |
| Dec. 26, 89 | Check / Revise Drawings | 8.5 |
| | Total | 53.5 Hours |

           AMOUNT DUE - 53.5 HOURS X $ 60.00 = $ 3,210.00

              Please make check payable to Craig Pedersen

                               Yours truly,
                               Craig Pedersen

*[Handwritten: Paid Jan 5, 90 / Paid Rec 29[?] / #1406]*

A&Co 22862

ORIGINAL

# CONSTRUCTION CONTRACT

**Westy's Port Chester Limited Partnership**
Owner

**Sordoni Construction Co.**
Contractor

March 27, 1990

A&Co 26013

## TABLE OF CONTENTS

| | Page |
|---|---|
| Project | 1 |
| Owner | 1 |
| Contractor | 1 |
| Contract Price | 1 |
| Time of Performance | 1 |
| Definitions | 1 |
| Schedule of Construction | 2 |
| Contractor to Comply with Plans and Specifications | 3 |
| Duties of Contractor | 4 |
| Reasonably Inferable Work; Specifications Varies by Laws | 4 |
| Measurements Varied by Job Conditions | 4 |
| Owner to Interpret the Specifications | 5 |
| Compliance With Laws; Indemnity | 5 |
| Property Damage and Personal Injury Indemnity | 5 |
| Withholding of Payments to Effect Indemnity | 5 |
| Indemnification Not Limited | 6 |
| Contractor Responsible for Work | 6 |
| Protection of Work and Site | 6 |
| Insurance | 6 |
| Signs | 6 |
| Tool Sheds | 6 |
| Condition of Premises and Adjacent Property | 7 |
| Inspection | 7 |
| Material and Equipment | 7 |
| Labor | 8 |
| Protection of Work and Equipment | 8 |
| Unsound Work or Materials | 8 |
| Fitting of This Work With Other Work | 9 |
| Rubbish Removal | 9 |
| Hazardous Substances | 9 |
| Permits, Inspections, Approvals | 10 |
| Payments to Subcontractors; Liens | 10 |
| Patents | 11 |
| Assignment; Subcontracting | 11 |
| Change of Status | 11 |
| Time of Essence | 12 |
| Cooperation With Other Contractors | 12 |
| Delays in General | 12 |
| Notice to Owner | 12 |
| Additional Labor; Overtime | 12 |
| Reimbursement for Loss | 13 |
| Termination by Owner | 13 |
| Performance Bond and Payment Bond | 13 |
| Bankruptcy | 13 |
| Acceleration of Performance | 14 |
| No Waiver | 14 |
| Guaranty | 14 |
| Payroll and Sales Taxes | 14 |
| Hoisting and Facilities | 15 |
| Price Not Adjusted For Rising Costs | 15 |

A&Co 26014

|  | Page |
|---|---|
| Schedule of Values | 16 |
| Progress Payments; Retention | 16 |
| Damages | 16 |
| Certification by Contractor | 16 |
| Withholding by Owner | 17 |
| Substantial Work Completion | 17 |
| Acceptance | 17 |
| Final Payment | 17 |
| Trust Funds | 18 |
| Dispute Resolution | 18 |
| Changes and Extras | 18 |
| No Delay by Contractor | 20 |
| Scheduling | 21 |
| Notices | 21 |
| Rights and Remedies | 21 |
| No Oral Modification | 21 |
| Savings Clause; Governing Law | 21 |
| No Privity | 22 |
| Exculpation of Partners | 22 |
| Marginal Notes | 22 |
| Lien Waiver | 22 |
| Limitation on Actions | 22 |
| Labor and Materials to Be Furnished by Owner | 22 |

A&Co 26015

DRN094
3/23/90

# CONSTRUCTION CONTRACT

DATE: March __, 1990

| | |
|---|---|
| **PROJECT** | Westy's Self-Storage Campus<br>351 North Main Street<br>Port Chester, New York |
| | (herein called the "**Project**") |
| **OWNER** | Westy's Port Chester Limited Partnership<br>One Sound Shore Drive<br>Greenwich, Connecticut 06830 |
| | (herein called the "**Owner**") |
| **CONTRACTOR** | Sordoni Construction Co.<br>119 Cherry Hill Road<br>Parsippany, New Jersey 07054 |
| | (herein called "**Contractor**") |
| **CONTRACT PRICE** | The Contract Price is set forth on Rider A. |
| **TIME OF PERFORMANCE** | The Time of Performance is set forth on Rider A. |
| **DEFINITIONS** | As used herein: |

(i) "**Building**" shall mean the building or buildings described in the plans and specifications described on Rider A.

(ii) "**Contract Documents**" shall mean:

  (a) this Construction Contract (general conditions);
  (b) all specifications, drawings and revisions for the Project as identified in Rider A and as may be hereafter modified or issued for clarification or in accordance with any change order;
  (c) all addenda issued prior to execution of the Construction Contract, if any, as set forth in Rider B hereto;
  (d) insurance requirements as set forth in Rider C hereto;
  (e) additional Legal Requirements, if any, as set forth in Rider D hereto;
  (f) the Partial Lien Waiver set forth in Rider E;
  (g) the description of the Site set forth in Rider F;
  (h) the payment and performance bonds, if any; and
  (i) all modifications to the Construction Contract and change orders adopted during construction, provided that some are made pursuant to the terms of this Contract.

-2-

(iii) **"Engineer"** shall mean

Viggo Bonneson & Associates
84 West Park Place
Stamford, CT 06901

Reference in the Contract Documents to the "contract", the "Contract" or the "Construction Contract" shall be deemed to refer to all of the Contract Documents.

(iv) **"Indemnitees"** shall mean the persons and entities set forth below, their respective mortgagees and their respective owned, controlled, controlling, associated, affiliated and subsidiary companies, corporations, joint ventures and/or partnerships and the respective departments, agents, consultants, partners, officers, directors, shareholders, employees, successors and assigns of each of them and all other indemnitees named in the contract as Additional Named Insureds: Engineer, and Owner.

(v) **"Legal Requirements"** if any, shall include those set forth in Rider D.

(vi) **"Materials"** shall mean all systems, equipment, components, materials, supplies and other items furnished or required to be furnished by the Contractor as part of the Work and those items listed in Rider A that will be purchased by Owner with Contractor responsible for inspection, coordinating delivery and installation of such items.

(vii) **"Site"** shall mean that area described in Rider F;

(viii) **"Subcontractor"** shall mean any person or entity of any tier performing for or providing to the Contractor any part of the Work; and

(ix) **"Work"** shall mean all labor, materials, supplies, permits, field engineering, transportation, tools, systems, equipment, components, scaffolding, cranes, elevators and other hoisting equipment and whatever else is needed to perform the construction of the Project and related work required by and in conformity with the Contract Documents. The intent of the parties with respect to the scope of the Work is further described in Sections 1 and 4 hereof.

**WITNESSETH:**

WHEREAS, Owner has undertaken the construction of the Work on the Site in accordance with the drawings and specifications; and

WHEREAS, Contractor has agreed to act as general contractor for Owner in connection with the construction of the Work;

NOW, THEREFORE, Owner and Contractor agree as follows:

**SCHEDULE OF CONSTRUCTION**

1. (a) The Schedule of Construction is attached as part of Rider A (the "Schedule of Construction"). The Schedule of Construction complies with the time for performance set forth in this Contract and includes allowances for periods of time required for Owner's review and approval of Contractor's submissions. Contractor shall use best efforts to anticipate and provide for time periods in the Schedule of Construction for approval by any authorities having jurisdiction over the Project. The Schedule may be adjusted as the Project proceeds; <u>provided</u>, however, that no such adjustments shall be effective until agreed to in writing by Owner and Contractor.

A&Co 26017

ST-124 (6/89)
New York State
Department of Taxation and Finance

# New York State and Local Sales and Use Tax
# Certificate of Capital Improvement

After this certificate is completed and signed by both the customer and the contractor performing the capital improvement, it must be kept by the contractor.

Read this form completely before making any entries.

This certificate is not valid unless all entries are completed

| Name of customer (print or type) | Name of contractor (print or type) |
|---|---|
| Westy's Port Chester Limited Partnership | Saldi Excavating Contractors, Inc. |
| Street address | Street address |
| One Sound Shore Drive | 26 Woodside Avenue |
| City: Greenwich  State: Connecticut  ZIP code: 06830 | City: White Plains  State: New York  ZIP code: 10604 |
| Certificate of Authority number (if any) | Certificate of Authority number (if any) |

**To be completed by customer:**
The nature of the work is as follows (give description of capital improvement to be performed):

Building excavation, foundation concrete, asphalt paving,

storm drainage, site utilities, foundation dampproofing

and other miscellaneous site improvements.

| Project name |
|---|
| Westy's Self Storage Campus |
| Street address (where the work is to be performed): 351 North Main Street  City: Port Chester  State: New York  ZIP code: 10573 |

I certify that:
- I am the ☒ owner, ☐ tenant of the real property identified on this form, and
- The work described above will result in a capital improvement to the real property within the guidelines set forth above, and
- This contract ☐ includes, ☒ does not include the sale of tangible personal property which, when installed, retains its identity as tangible personal property and does not become a permanent part of the real property.

I understand that:
- I will be responsible for any sales tax, interest and penalty due on the contractor's total charge for tangible personal property and for labor if it is determined that this work does not qualify as a capital improvement, and
- I am required to pay the contractor the appropriate sales tax on tangible personal property (and any associated services) transferred to me pursuant to this contract, when the property is not installed by the contractor as a permanent part of the real property, and
- I will be subject to civil or criminal penalties or both under the Tax Law for issuing a false or fraudulent certificate.

| Signature of customer | Title | Date |
|---|---|---|
| [signature] | V-P of GEN'L Partner | May 25, 90 |

**To be completed by contractor:**

I, the contractor, certify that I have entered into a contract to perform the work described by the customer named above. (A copy of the written contract, if any, is attached.)

I understand that my failure to collect tax as a result of accepting an improperly completed certificate will make me personally liable for the tax otherwise due, plus penalties and interest.

| Signature of contractor or officer | Title | Date |
|---|---|---|
| [signature] | [?] | 5/31/90 |

A&Co 11500

ST-124 (6/89)(back)

# Guidelines

If a contractor has been given a properly completed Certificate of Capital Improvement by the customer within 90 days after rendering services, the burden of proving the job or transaction was a capital improvement (i.e., was not taxable to the customer) rests solely on the customer.

If the contractor has not been given a properly completed Certificate of Capital Improvement within 90 days, the work performed will be deemed to have been a taxable transaction. In this instance, if the contractor fails to pay the appropriate tax on the full amount of the contract, the contractor will be required to bear the burden of proving the transaction was a capital improvement.

The contractor must maintain a method of associating an exempt sale to a particular customer with the exemption certificate relating to that sale. The contractor must keep the exemption certificate for at least three years after the due date of the last return to which it relates or the date the return was filed, if later.

This certificate, when completed by the customer and given to the contractor, is evidence that the work to be performed will result in a capital improvement to real property. **This certificate may not be used by a contractor, subcontractor, a property owner or a tenant to purchase building materials or other tangible personal property tax free.** Acceptance of this certificate by a contractor does not relieve the contractor of the liability for payment of sales tax. A contractor must pay sales tax on the purchase of building materials or other tangible personal property incorporated into the real property as a capital improvement.

A capital improvement to real property is defined in section 1101(b)(9) of the Tax Law and Sales Tax Regulation, section 527.7(a)(3), as an addition or alteration to real property which:

(a) substantially adds to the value of the real property or appreciably prolongs the useful life of the real property,

and

(b) becomes part of the real property or is permanently affixed to it so that removal would cause material damage to the property or article itself,

and

(c) is intended to become a permanent installation.

The work performed by the contractor must meet all three of the above requirements to be considered a capital improvement. This certificate may not be issued unless the work qualifies as a capital improvement.

The term "materials" is defined as items which become a physical component part of real or personal property, such as lumber, bricks or steel (Sales Tax Regulation, section 541.2(i)). This also includes other items such as doors, windows, kits and prefabricated buildings used in construction.

For guidance as to whether a job is a repair or a capital improvement, refer to Publication 862, *Sales and Use Tax Classifications of Capital Improvements and Repairs to Real Property*.

## Floor Covering

On or after June 1, 1989, floor covering such as carpet, carpet padding, linoleum and vinyl roll flooring, carpet tile, linoleum tile and vinyl tile, installed as the initial finished floor covering in new construction, a new addition to an existing building or structure, or in a total reconstruction of an existing building or structure, constitutes a capital improvement regardless of the method of installation. As a capital improvement, the charge to the property owner for the installation of such floor covering is not subject to New York State and local sales and use taxes.

Floor covering installed other than as described in the preceding paragraph does not qualify as a capital improvement, even though it meets the criteria stated in (a), (b) and (c) above. In other words, floor covering installed other than (1) in new construction, (2) in an addition to an existing building or structure, or (3) in a total reconstruction of an existing building or structure is not a capital improvement, and the installation charge is subject to the sales tax regardless of the manner in which the covering is installed.

**The retail purchase of floor covering (carpet, padding, etc.) itself is subject to tax.**

The term floor covering does not include flooring such as ceramic tile, hardwood, slate, terrazzo and marble. Thus, the rules for determining when floor covering constitutes a capital improvement do not apply to such flooring.

A&Co 11501

*SALDI* *ok 4/15*
#10   *File #43*
         *7/13*



September 14, 1990

**CHANGE ORDER REQUEST**

**No.** 10

Westy's Port Chester Limited Partnership
One Sound Shore Drive
Greenwich, Connecticut 06830

Attention: Mr. John Braun

Project: Westy's Self Storage Campus
Port Chester, New York 10573

Regarding: Site Storm Revisions
C. I. No. 17

Gentlemen:

In accordance with our past conversations and acceptance of the catalog submissions, Sordoni Skanska Construction Company formally requests approval from the Westy's Port Chester Limited Partnership to issue a Subcontract Change Order to Saldi Excavating Contractors, Inc. in the amount of $

The Subcontract Change Order amount reflects the applicable cost to revise the Site Storm System components as documented by Saldi's earlier correspondence dated August 10, 1990.

    a. Provide 2 (two) 12" diameter reinforced concrete pipe parallel runs from Headwall 1 to Catchbasin 1.

    b. Provide 2 (two) 12" diameter reinforced concrete pipe parallel runs from Catchbasin 1 to Manhole 1.

    c. Revise Trench Drains to 12" diameter with heavy duty castings.

At this time, Sordoni is not able to determine the schedule impact to the sitework scope or to the overall construction schedule. Sordoni will pursue schedule information upon final release and fabrication of the precast structures. Sordoni will notify Westy's of the required fabrication lead time upon release for fabrication.

**RECEIVED**
**SEP 1 7 1990**
Arredondo

119 CHERRY HILL ROAD • PARSIPPANY, NJ 07054 • (201) 334-5800

A&Co 11563

SORDONI CONSTRUCTION CO.

Westy's Self Storage Campus  
Change Order Request No. 10

September 14, 1990  
Page 2

Sordoni requests Westy's indicate acceptance of this Change Order Request where indicated below and return the original for Sordoni's files by Monday, September 17, 1990.

Very truly yours,

Ken Anton  
Project Manager

KA/lf

xc:   M. Healy  
    M. Leondi  
    R. Foy  
    Change Order Request File  
    C.I. No. 17 File

Approved by: _____  
          Westy's Port Chester  
          Limited Partnership

Dated: 9/17/90

A&Co 11564

**ConEdison** clean energy    4 IRVING PLACE, NEW YORK, N.Y. 10003

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., HAS THIS DAY RECEIVED THE AMOUNT INDICATED HEREON AS SECURITY FOR THE PAYMENT OF BILLS RENDERED OR TO BE RENDERED FOR GAS AND/OR ELECTRIC SERVICE SUPPLIED.

**CUSTOMER'S DEPOSIT RECEIPT**

| YOUR ACCOUNT NUMBER | DATE | DEPOSIT AMOUNT | DEPOSIT NUMBER |
|---|---|---|---|
|  | 10-25-90 | $2,000 | 3570 |

3570

THIS RECEIPT IS NOT NEGOTIABLE OR TRANSFERABLE

INTEREST WILL BE ALLOWED ON THIS DEPOSIT SO LONG AS IT SHALL REMAIN WITH THE CORPORATION. THE INTEREST ACCRUED ON IT SHALL BE CREDITED TO THE DEPOSITOR ON THE FIRST BILLING FOR UTILITY SERVICE RENDERED AFTER THE DEPOSIT ANNIVERSARY DATE. INTEREST SHALL BE CREDITED TO THE DEPOSITOR ANNUALLY THEREAFTER.

WESTYS PORT CHESTER
LIMITED PARTNERSHIP
WESTYS SELF STORAGE
1 SOUND SHORE DRIVE
GREENWICH CT 06810573

351 NORTH MAIN STREET

PLEASE KEEP THIS RECEIPT. IT SHOULD BE SURRENDERED WHEN YOUR DEPOSIT IS RETURNED.

A&Co 22984

**Westy's Port Chester Limited Partnership**
One Sound Shore Drive   Greenwich, CT 06830   (203) 622-1231

October 28, 1990

Mr. Richard P. Graves
Vice-President
Union Trust
One Lafayette Plaza
Greenwich, Connecticut   06830

                    RE:   Westy's Facility
                           Port Chester, New York
                           <u>Account No.</u>

Dear Dick:

As you know, erection of the above project has now commenced and it is time for us to wire our next draw for precast concrete. Due to the heavy investment they had to make in producing the panels, we agreed that we would wire them funds <u>weekly</u> after erection had commenced. Therefore, please wire from the Westy's Port Chester Limited Partnership account; Account No. the sum of $       to:

                United Jersey Bank
                Hackensack, New Jersey
                ABA No. 021202162

                For the account of:
                Sordoni/Skanska Construction Co.
                Account No.

Please contact <u>Mr. Dave Mellick</u>, (201) 646-5982, of the United Jersey Bank with the wire number.

Thanking you for your continuing cooperation and with warmest regards, I remain

                            Very cordially yours,

                            Carlos A. Arredondo, for
                            Westy's Port Chester Limited Partnership

CAA:pm

A&Co 08492

# PECKAR & ABRAMSON

A Professional Corporation

| 70 GRAND AVENUE | 120 WEST 45TH STREET |
| RIVER EDGE, N.J. 07661 | NEW YORK, N.Y. 10036 |
| (201) 343-3434 | (212) 382-0909 |
| FAX: (201) 343-6305 | FAX: (212) 382-3456 |

ROBERT S. PECKAR
RICHARD L. ABRAMSON
BRUCE D. MELLER
ROBERT A. DRUCKER
KEVIN D. SLAKAS
ROBERT HEDINGER
EUGENE J. SULLIVAN

RICHARD M. BARON
ANTHONY J. BELKOWSKI
STEPHEN W. BIALKOWSKI
THOMAS J. CARROLL
STEVEN M. CHARNEY
STEVEN COHEN
ELIOT L. GREENBERG
CARL A. HABERBUSCH
MATTHEW D. HOUSTON
CHARLES F. KENNY, JR.
JEFFREY L. KINZLER*
ROBERT T. LAWLESS

HARRY E. MC LELLAN, III
WANDA CHIN MONAHAN
LINDA A. ORTH*
ROBERT F. PAYTON
CAROLINE M. ROSSI
ADAM M. SCHNEIDER
LEE M. TESSER
PRISCILLA J. TRIOLO
RICHARD E. WENGER
JEFFREY S. WILSON

* Admitted to New York Bar Only
♦ Admitted to Florida Bar

**VIA FEDERAL EXPRESS**

November 16, 1990

American Arbitration Association
Hartford Regional Office
Two Hartford Square West
Hartford, Conn. 06106-1943

ATTN: Karen M. Jalkut

RE: Sordoni Skanska Co. v. Westy's Port Chester
Limited Partnership

Dear Ms. Jalkut:

Pursuant to the Construction Industry Arbitration Rules of the American Arbitration Association, enclosed herewith are three copies of the Demand For Arbitration, which are submitted on behalf of Sordoni Skanska Construction Co. against Westy's Port Chester Limited Partnership. Also enclosed find this firm's check in the amount of $300 for the required filing fee.

By copy of this letter, notice of this Demand for Abitration is being served on Westy's Port Chester Limited Partnership at One Sound Shore Drive in Greenwich, Connecticut 06830.

Very truly yours,

RICHARD E. WENGER

REW:slf
cc: Westy's Portchester Limited Partnership (C.M./R.R.R.)
    Sordoni Skanska Construction Co.
2247T

RECEIVED
NOV 19 1990
Arredondo

A&Co 26171

FOR USE IN NEW YORK STATE

**American Arbitration Association**

## CONSTRUCTION INDUSTRY ARBITRATION RULES

### DEMAND FOR ARBITRATION

DATE: November 16, 1990

TO: (Name) __Westy's Port Chester Limited Partnership__
(of party upon whom the Demand is made)

(Address) __One Sound Shore Drive__

(City and State) __Greenwich, Connecticut 06830__

Named claimant, a party to an arbitration agreement contained in a written contract,

dated __March 27, 1990__, providing for arbitration, under the Construction Industry Arbitration Rules, hereby demands arbitration thereunder.

NATURE OF DISPUTE:

Wrongful termination and repudiation of Contract and interference with contractual relationships.

CLAIM OR RELIEF SOUGHT: (amount, if any)

All damages resulting from the improper termination including but not limited to all direct, indirect, consequential, compensatory and punitive damages in an amount not yet determined together with interest, the cost of arbitration and reasonable attorney's fees.

PLEASE TAKE FURTHER NOTICE, that unless within twenty days after service of this Notice of Intention to Arbitrate, you apply to stay the arbitration herein, you shall thereafter be precluded from objecting that a valid agreement was not made or has not been complied with and from asserting in court the bar of a limitation of time.

HEARING LOCALE REQUESTED: __Greenwich, Connecticut__
(City and State)

You are hereby notified that copies of our Arbitration Agreement and of this Demand are being filed with the American Arbitration Association at its __Hartford Regional Office__ Regional Office, with the request that it commence the administration of the arbitration. Under Section 6 of the Arbitration Rules, you may file an answering statement within ten days after notice from the Administrator.

Signed __[signature]__
(May be Signed by Attorney)
Bruce D. Meller, Esq.

Name of Claimant __Sordoni Skanska Construction Co.__
Address (to be used in connection with this case) __c/o Peckar & Abramson, P.C.__
City and State __70 Grand Ave., River Edge, NJ 07661__
Telephone __(201) 343-3434__

To institute proceedings, please send two copies of this Demand and the arbitration agreement, with the filing fee, as provided in Section 47 of the Rules.

A&Co 26172

# American Arbitration Association

Two Hartford Square West, Hartford, Conn. 06106-5115
Telephone: (203) 278-5000 · Fax: (203) 246-8442

Karen M. Jalkut
*Regional Vice President*

Karen Kucinskas
*Assistant Regional Vice President*

January 30, 1991

Re: 12   110   00312   90

Sordoni Skanska Construction Co.
vs
Westy's Port Chester Limited Partnership

Bruce D. Meller, Esq.
Peckar & Abramson
70 Grand Avenue
River Edge, N.J. 07661

Robert A., Harris, Esq.   *(WESTY'S PORT)*
Zeldes, Needle & Cooper, P.C.
100 Lafayett Blvd., 5th Floor
P.O. Box 1740
Bridgeport, CT 06604

To the Parties:

This will acknowledge receipt of a letter dated January 21, 1991 from Mr. Meller in which he advised that the above entitled case has been settled.

Therefore, unless advised to the contrary within seven days of the date hereto, we shall close our file. Any administrative fees still outstanding remain due and payable.

Very truly yours,

Jeffrey T. Zaino
Tribunal Administrator

RECEIVED
JAN 31 1991

ARBITRATION • MEDIATION • ELECTION SERVICES • ALTERNATIVE DISPUTE RESOLUTION • SEMINARS

Offices  Atlanta • Boston • Charlotte • Chicago • Cincinnati • Cleveland • Dallas • Denver • Garden City, NY • Hartford • Honolulu • Houston • Irvine, CA
Kansas City, MO • Los Angeles • Miami • Minneapolis • Nashville • New Orleans • New York • Orlando • Philadelphia • Phoenix • Pittsburgh • St. Louis
Salt Lake City • San Diego • San Francisco • Seattle • Somerset, NJ • Southfield, MI • Syracuse • Washington, DC • White Plains, NY
*Headquarters*  140 West 51st Street, New York, NY 10020-1203



A&Co 26060