IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARLOS A. ARREDONDO, in his capacity as Trustee of The 2000 Trust for the Grandchildren of Carlos A. Arredondo and Mari V. Arredondo, General Partner of Arredondo Properties Limited Partnership,<br><br>   Plaintiff,<br><br>v.<br><br>CAESAR A. ARREDONDO, individually and in his capacity as Trustee of The 2000 Trust for the Grandchildren of Caesar A. Arredondo and Carolyn Abad Arredondo; THE 2000 TRUST FOR THE GRANDCHILDREN OF CAESAR A. ARREDONDO AND CAROLYN ABAD ARREDONDO, in its capacity as General Partner of Arredondo Properties Limited Partnership; and ARREDONDO & CO., LLC,<br><br>   Defendants. | CIVIL ACTION FILE<br><br>NO. 3:02 CV 2200 (CFD)<br><br>January 12, 2005 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
HIS MOTION TO STRIKE OR, IN THE ALTERNATIVE,
<u>MOTION FOR LEAVE TO FILE A SUR-RESPONSE BRIEF</u>**

On December 21, 2004, Defendants filed their Reply Memorandum of Law in Support of Their Motion for Summary Judgment ("Reply Brief"). Defendants attached to their Reply Brief a Declaration from Defendant Caesar A. Arredondo that has attached to it ten exhibits that consist of numerous documents Defendants did not produce during discovery and that were directly responsive to Plaintiff's document requests. Plaintiff hereby moves to strike these documents or, in the alternative, moves for leave to file the Sur-Response Brief attached as Exhibit A to the accompanying Motion.

## I.   ARGUMENT AND CITATION OF AUTHORITY

### A.   The Exhibits to Defendants' Reply Brief Should be Striken Because They Were Not Produced During the Discovery Period

Failure of a party to follow a scheduling order is grounds for the imposition of sanctions. Fed. R. Civ. Proc. 16(f). An appropriate sanction for introduction of evidence after the close of discovery is the striking of that evidence. Fed. R. Civ. Proc. 37(b)(2)(B); *see also Monaghan v. SZS 33 Associates, L.P.*, 148 F.R.D. 500 (S.D.N.Y. 1993).

Courts should consider the following four factors in determining whether to exclude evidence produced after the close of discovery: (1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded evidence; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance. *Softel v. Dragon Medical & Scientific Communications, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997) (hereinafter referred to as the "*Softel* factors"). A party's failure to comply with relevant discovery deadlines need not be willful or in bad faith to trigger sanctions under Rule 37. *Monaghan*, 148 F.R.D. 509. Rather, negligence alone is sufficient to justify the entry of appropriate sanctions, such as striking evidence or the testimony of a witness. *Id.; see also* Fed. R. Civ. Proc. 37(b)(2)(B).

For the reasons set forth below, each of the *Softel* factors supports exclusion of the documents Defendants seek to introduce through their Reply Brief.

#### 1.   The Defendants Could Have Produced the Exhibits During The Discovery Period

Defendants now seek to introduce the following documents:

Ex. 1 - Loan agreements from Union Trust to APLP.

Ex. 2 – Correspondence from People's Bank regarding the Tuckahoe and Greenburgh projects.

ATL01/11825054v2

Ex. 3 – Guarantee agreements signed by Carlos and Caesar for APLP owned facilities.

Ex. 4 – A memo from Carlos to file dated May 10, 1989 regarding a visit by Carlos to a self storage facility in Milford, CT.

Ex. 5 – A memo from Carlos to file dated August 9, 1989 regarding rezoning of property in Milford that Carlos and Caesar owned.

Ex. 6 – A sketch of a circular building dated June 18, 1989.

Ex. 7 – A sketch of an open-air style self storage facility on the Milford property dated September 6, 1989.

Ex. 8 – An undated sketch entitled "Jarboe Site, Trumball, CT".

Ex. 9 - A letter from Chase Manhattan Bank to Carlos dated November 9, 1989 regarding property in Norwalk, CT and a business proposal from APLP regarding purchase of the property.

Ex. 10 – An engagement letter from Day, Berry & Howard dated December 21, 1989.

All of these documents are responsive to document requests that Plaintiff served on Defendants during the discovery period, yet Defendants did not produce any of the documents prior to the close of discovery. Indeed, with the exception of Exhibit 7, Defendants did not produce any of the documents until they filed their Reply Brief.[1] Defendants concede that Exhibits 4, 5, and 6 are responsive to Plaintiff's First Request for Production of Documents and Things ("Plaintiff's First Requests") because Defendants produced each of the exhibits as part of their Fourth Supplemental Response to Plaintiff's Second Request for Production of Documents and Things, which Defendants served on Plaintiff the same day Defendants served their Reply Brief (December 21, 2004). (A true and correct copy of Defendant's Fourth Supplemental Responses are attached hereto as Exhibit A.) The remainder of the documents are responsive to

---

[1] Defendants produced a copy of Exhibit 7 as part of fifteen boxes of documents that Defendants produced to Plaintiff with Defendants' Second Supplemental responses to Plaintiff's Second Document Requests (the document was produced with the Bates No. A&Co 28523). Defendants served their Second Supplemental Responses on October 26, 2004, more than two months after the discovery period closed. Plaintiff did not discover the document until preparing this motion. Defendants also apparently were unaware of its prior production because Defendants have produced the document as part of a Fourth Supplemental Response to Plaintiff's Second Document Requests, which Defendants served on Plaintiff the same day as Defendants served their Reply Brief.

Request Nos. 2 and 3 of Plaintiff's First Request for Production of Documents and Things to Defendant Arredondo & Co., LLC ("Plaintiff's First Requests"), which Plaintiff served on May 2, 2003. (A true and correct copy of Plaintiff's First Requests is attached hereto as Exhibit B.)

The discovery period in this case ended on August 13, 2004. Defendants waited to produce most of the ten exhibits to their Reply Brief, and waited to cite any of the documents, until the last brief that could be filed by either side in connection with the current cross motions for summary judgment. By doing so, Defendants have left Plaintiff with no opportunity to respond to the documents without filing a motion for leave to file a sur-response.

None of the issues for which Defendants submit the documents is new or was raised for the first time in Plaintiff's response brief to Defendants' summary judgment motion. Indeed, all of the issues for which Defendants' cite the documents have been issues in this case since at least July 18, 2003 when Defendants filed their reply brief in support of their first motion for summary judgment in this case.

This is not the first time in this case that Defendants have produced new documents in connection with a reply brief. Defendants did the same thing with their first motion for summary judgment, in which they raised new arguments and produced new documents related to property Carlos and Caesar owned in Milford, Connecticut for the first time in their Reply Brief, thereby foreclosing Plaintiff from being able to respond to Defendants' arguments and evidence as part of the normal briefing process. Plaintiff was forced to file a Motion for Leave to File a Sur-Response Brief to address the newly asserted arguments and documents. The Court denied Defendants' Motion for Summary Judgment, thereby rendering Plaintiff's Motion for Leave moot.

- 4 -

Defendants have now supplemented their responses to Defendants' Second Requests *four* times. Three of these supplemental productions occurred after the discovery period closed, yet all, or substantially all, of the documents produced in the supplemental responses existed when Defendants served their initial responses to Plaintiff's Second Requests. Defendants have produced more than 15 boxes of documents since the discovery period closed. These documents include a substantial number of documents related to the design and construction of the Port Chester store and the consideration of a store in Milford, Connecticut (as to which Defendants now raise issues in their Reply Brief).

The discovery deadlines established by the Federal Rules and this Court are designed to facilitate the orderly preparation of a case for trial. Parties are therefore under an obligation to engage in the discovery process in a timely manner. *Monaghan*, 148 F.R.D. 508 (noting that "the general deterrent effect in enforcing strict adherence to the responsibilities litigants owe to the court and their adversaries is served" by entry of appropriate sanctions under Rule 37). Producing 15 boxes of documents after discovery closes, and then producing numerous additional documents in connection with the last of three briefs they filed in connection with the parties' cross motions for summary judgment, can by no stretch of the imagination be deemed to constitute timely adherence by Defendants with their discovery obligations.

Defendants have offered no explanation as to why they did not produce, or could not have produced, the ten new sets of exhibits attached to their Reply Brief during discovery. Plaintiff therefore submits that each of the documents in the exhibits should be stricken.

- 5 -

2.  **The Documents are Not Critical to Defendants' Case and Do Not Create A Genuine Issue of Material Fact[2]**

The documents Defendants are now seeking to produce lend no legitimate support to their motion. Defendants seek to introduce Exhibits 1 – 3 to show that, by guarantying loans to APLP to launch the Westy business, Caesar and Carlos had a personal financial stake in the business that was tantamount to ownership of the business. (*See* Defendants' Reply Brief at 5.) Defendants cite no authority for their novel assertion that guarantying a loan to a business gives the guarantor ownership of the business. The reason for this lack of authority is that, to Plaintiff's knowledge after appropriate research, none exists. To the contrary, the mere execution of a guaranty gives the guarantor no ownership in the business or its assets. *See Espino v. Espino*, 48 B.R. 232, 235 (Bankr. S.D. Fla. 1985) (holding that husband and wife's execution of a guarantee of a loan to a corporation they owned did not give the husband or wife ownership of property owned by the corporation).

Defendants seek to introduce Exhibits 4-8 to show that the brothers considered Milford at the same time they were planning Port Chester. Defendants contend that these documents evidence that the brothers intended from the outset of the Westy business that they would benefit personally as well as APLP benefiting. Even assuming that Defendants' argument is correct, which it is not, what the brothers intended is irrelevant. As Plaintiff has addressed in prior briefs, trademark rights arise only through use. Therefore, the fact that the brothers considered a scaled down, lower-end Westy in Milford is irrelevant because the brothers never opened a WESTY branded facility on the property.

---

[2] This factor puts Plaintiff in something of a Catch 22. To show that the documents are not important, Plaintiff must argue the merits of the documents. By doing so, and thereby effectively arguing its sur-response brief, Defendant's late production has put Plaintiff in a position where it must rebut the substance of the documents at the same time Plaintiff is seeking to have the documents excluded from consideration at all. Plaintiff gives a truncated version of its response to the merits of the documents herein. A more detailed response is set forth in Plaintiff's proposed Sur-Response Brief, which Plaintiff submits it should not have had to create or be forced to submit as a result of Defendants' failure to comply with timely with their discovery obligations in this case.

- 6 -

Defendants seek to introduce Exhibits 9 and 10 to show that the brothers anticipated in 1989 that the Westy concept would be a program and would include multiple stores. Exhibit 9 relates to a site in Trumbull, Connecticut that the brothers considered opening in 1994 or 1995, not 1989 as Defendants allege (see Section B below). Accordingly, the documents do not support the argument for which Defendants submit them.

Exhibit 10 relates to a site in Norwalk, Connecticut that APLP considered purchasing for a Westy facility in 1989. The owner refused to sell the property to APLP for a Westy facility; therefore, APLP's offer to buy the property is irrelevant to any issue in this case. Moreover, the fact that APLP, not the brothers individually, attempted to purchase the property rebuts Defendants' argument that the brothers owned the Westy business at the outset.

In sum, none of the ten exhibits at issue on this motion is critical to this case or will prejudice Defendants' ability to present their case if stricken. The second factor of the *Softel* test therefore weighs in Plaintiff's favor.

### 3. Plaintiff Will Be Prejudiced if Defendants' Newly Produced Documents are Admitted

Plaintiffs have been prejudiced by Defendants' actions because they have not been able to conduct appropriate discovery related to these late produced documents. For example, Defendants contend in their Reply Brief that Exhibit 6 is a drawing of a facility that Carlos and Caesar considered in June 1989 building on property they owned in Milford, Connecticut. The document does not state that it relates to Milford, and Caesar does not testify that it does. Plaintiff has never seen the document before but can testify that the document does not relate to Milford. (*See* Third Declaration of Carlos A. Arredondo, attached as Exhibit A to Plaintiff's proposed Sur-Response to Defendants' Motion for Summary Judgment, attached as Exhibit 1 to the accompanying Motion.) By waiting to produce the document until this time, when

Defendants *concede* that the document is responsive to Plaintiff's Second Requests, Defendants have prevented Plaintiff from being able to conduct appropriate discovery to establish the falsity of the allegations that Defendants make regarding the document in their Reply Brief.

Similarly, Defendants contend that Exhibit 8 relates to a Westy facility that the brothers considered building in Trumbull, Connecticut in June 1989. It does not. The brothers did not consider a site in Trumbull until 1994 or 1995.[3] Had Defendants produced this document during the discovery period, Plaintiff could have established the date of the Trumbull property through the testimony of Caesar, his son Edward Arredondo (who met with the developer of the Trumbull property with Plaintiff), or relevant third party witnesses. By producing the document after discovery closed and after all briefing on the parties' cross motions for summary judgment had ended, Defendants have foreclosed Plaintiff from being able to obtain relevant discovery to rebut Defendants' newfound arguments.

In sum, Defendants' late production of all ten exhibits to their Reply Brief has foreclosed Plaintiff from being able to examine the Defendants and relevant third party witnesses regarding the documents. Plaintiff is therefore prejudiced in its ability to fully rebut Defendants' arguments related to the documents. *Newport Electronics, Inc. v. Newport Corp.*, 157 F. Supp.2d 202, 208 (D. Conn 2001).[4]

---

[3] If the Court denies Plaintiff's Motion to Strike, but permits Plaintiff to file a sur-response brief, Plaintiff will file the already executed declaration of Carlos Arredondo attached as Exhibit A to Plaintiff's proposed sur-reply brief, attached to the accompanying Motion as Exhibit A, in which Carlos testifies to this fact.

[4] Plaintiff anticipates that Defendants may respond by offering Caesar Arredondo for further deposition. This is not an acceptable solution to the problem Defendants have created because all summary judgment briefing is done. Further discovery at this time will only add additional time and expense to this case and require further rounds of briefing to the substantial briefing already completed. Because Defendants failed to produce the documents in a timely manner, despite the clear responsiveness of the documents to Plaintiffs' document requests, Plaintiff submits that the Court should not allow Defendants to now rely upon them in this litigation.

ATL01/11825054v2

### 4. Admission of the Documents Will Delay Resolution of the Pending Motions and Case

If the Court admits the documents, Plaintiff submits that it should be afforded a full and fair opportunity to conduct discovery of the documents from Defendants and all relevant third parties before considering the documents in connection with Defendants' motion.[5] Such discovery will inevitably slow down both the Court's consideration of the instant cross motions for summary judgment and trial.

In sum, all four of the relevant factors necessary to support the exclusion of Defendants' newfound evidence strongly favor exclusion of the evidence. Plaintiff therefore submits that all ten of the exhibits Defendants now seek to introduce should be excluded.

### B. Exhibits 6 and 8 Should be Stricken as Incompetent

Exhibits 6 and 8 should further be stricken because they are not competent to establish the points for which Defendants submit them. As set forth above, Defendants contend that Ex. 6 is a drawing of a building the brothers considering building on property in Milford, Connecticut in June 1989. The document itself does not state that it relates to Milford, and neither Caesar nor any other witness testifies that it does. The document thus is not competent to establish the point for which it is submitted and should be stricken.

Defendants purport that Exhibit 8 is a sketch of a site plan for a Westy facility that the brothers considered building in Trumbull, Connecticut in June 1989. The document does not bear a date (at least the copy that Defendants produced to Plaintiff does not), and neither Caesar nor any other witness testifies that the sketch was done in June 1989 or that the brothers

---

[5] If the Court admits the documents and allows further discovery, Plaintiff submits that Defendants should be ordered to pay Plaintiff's reasonable attorneys' fees and expenses in connection with the conduct of such discovery as a sanction for Defendants' late production of the documents.

considered building a Westy facility in Trumbull in 1989. Exhibit 8 therefore is not competent to establish the point for which Defendants submit it and should be stricken.

### C. In the Alternative, Plaintiff Should be Granted Leave to File a Sur-Response to Defendants' Motion

In the event the Court denies Plaintiff's Motion to Strike, Plaintiff moves the Court to grant Plaintiff leave to file a Sur-Response Brief to Defendants' Motion for Summary Judgment for the limited purpose of addressing the newly produced documents attached to Defendants' Reply Brief and the arguments that Defendants make in their Reply Brief related to these documents. A copy of the sur-response brief Plaintiff proposes to file is attached as Exhibit A to the accompanying Motion.

THE PLAINTIFF

By: *Robert Dolian*
ROBERT P. DOLIAN (ct04278)
CUMMINGS & LOCKWOOD LLC
Four Stamford Plaza, P.O. Box 120
Stamford, Connecticut 06904-0120
Ph (203) 327-1700; Fx (203) 708-5647

MARTIN J. ELGISON (ct24759)
DAVID J. STEWART (ct24757)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Ph (404) 881-7000; Fx (404) 881-7777

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on this 12th day of January, 2005, a true and correct copy of the foregoing **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO STRIKE OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE A SUR-RESPONSE BRIEF** was served upon counsel for Defendants, by first-class U.S. Mail, addressed as follows:

> Craig A. Raabe
> ROBINSON & COLE LLP
> 280 Trumbull Street
> Hartford, CT 06103

_____
ROBERT P. DOLIAN

2079782_1.doc 1/12/2005

ATL01/11825054v2