## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARLOS A. ARREDONDO, | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 3:02 CV 2200 (CFD) |
| CAESAR A. ARREDONDO, et al., | : | |
|     Defendants. | : | |

**TRIAL MEMORANDUM ORDER**
**(Non-Jury Cases)**

It is hereby ORDERED that:

1. The parties shall jointly file with the Office of the Clerk, in one continuous document to be signed by all counsel, a Trial Memorandum for approval by the court. A courtesy copy shall be submitted to the chambers of the undersigned.

Except as modified hereby, the Trial Memorandum shall be submitted in compliance with Rule 6 of the Local Rules of Civil Procedure and the Standing Order Regarding Trial Memoranda in Civil Cases (the "Standing Order"), which is included in the Local Rules of Civil Procedure. The Trial Memorandum shall be filed no later than **Friday, December 16, 2005.**

**THE TRIAL MEMORANDUM SHALL CONTAIN THE INFORMATION REQUIRED BY THE STANDING ORDER; PROVIDED THAT, AS THE TRIAL IN THIS CASE WILL BE A COURT TRIAL, THE PARTIES NEED NOT COMPLY WITH THE PROVISIONS OF THE STANDING ORDER <u>SOLELY</u> RELATING TO JURY TRIALS. IN ADDITION, THE PROCEDURES SET FORTH BELOW SHALL BE FOLLOWED:**

<u>Claims and Defenses</u>: Counsel shall indicate the specific nature and authority for each affirmative claim and defense maintained (see paragraph 4 of the Standing Order).

<u>Witnesses</u>: For each expert witness (see paragraph 10 of the Standing Order), if any, the Trial Memorandum shall set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely. Also, state the area of expertise and attach a curriculum vitae, if available.

If a party objects to all or any part of the anticipated testimony of any witness, lay or expert, the objection must be stated in this section of the Trial Memorandum so that the objection can be resolved prior to trial. *This includes any objection under Rule 702 of the Federal Rules of Evidence.*

<u>Exhibits</u>: With respect to exhibits (see paragraph 11 of the Standing Order), the parties shall also comply with the following requirements:

(a) The parties shall mark the plaintiff's and the defendant's respective exhibits in numerical order (e.g., "Plaintiff's Exhibit 1", etc. and "Defendant's Exhibit 1", etc.) with exhibit tags, which will be provided by the Clerk's Office upon request. Where there are multiple plaintiffs and/or defendants, counsel should coordinate exhibit identification to ensure that exhibit numbers are not duplicated.

(b) Copies of the actual exhibits shall be exchanged no later than fourteen (14) days prior to the pretrial conference, and the original set of exhibits for the Deputy Clerk and two (2) complete copies of the exhibits (in binders) shall be submitted to the Deputy Clerk at least one (1) day prior to trial.

(c) All objections to designated exhibits, except as to relevance, must be filed through a motion in limine filed not later than three (3) days prior to the pretrial conference, together with a memorandum citing authorities in support of the objection.

<u>Anticipated Evidentiary Problems</u>: The parties shall attach to the Trial Memorandum motions in limine with memoranda of law concerning any anticipated evidentiary problems. (See paragraph 14 of the Standing Order.) If motions in limine are necessitated by the exchange of exhibits in 1(b) above, such motions shall be filed no later than three (3) days prior to the pretrial conference. If motions in limine are not filed, any objections to exhibits will be deemed waived, except as to relevancy.

<u>Proposed Findings and Conclusions</u>: The parties are not required to submit proposed findings of fact or conclusions of law with their trial memorandum. Within thirty (30) days after all of the transcripts of the trial are available, each party shall submit proposed findings of fact (with specific transcript references) and conclusions of law.

Counsel are reminded to comply with paragraph 10 of the Standing Order as part of their trial memorandum.

2. Counsel are requested to submit the Trial Memorandum on a computer disk (small disk formatted for Word Perfect 9, 10 or 11) to facilitate the preparation of final documents by the court.

      3.      Counsel shall note the following:

      <u>Availability of Witnesses</u>:  Each party shall ensure the availability at trial of each witness listed by that party unless the court and counsel are advised to the contrary not less than forty-eight (48) hours prior to the commencement of the evidence.

      4.      The deadlines established herein may not be modified by agreement of counsel. These deadlines may be modified only by an order of the court following a request for enlargement of time made by written motion showing good cause, which motion shall be filed no later than five (5) days before the date from which counsel seeks an extension.

      SO ORDERED this  16th  day of November, 2005 at Hartford, Connecticut.


                                                     /s/ CFD
                                                   **CHRISTOPHER F. DRONEY**
                                                   **UNITED STATES DISTRICT JUDGE**