introducing this memo for the purpose of proving the contents of the memo itself, i.e. it is being offered in evidence to prove the truth of the matter asserted. As such, this document is hearsay and should be properly excluded under Fed. R. of Evid. 801. This document does not meet any of the established hearsay exceptions, thus it is properly excluded.

8.    **Defendants' Exhibit 398 is hearsay.**

Defendants' Exhibit 398 is described by the Defendants as "Memo from Peter Formanek to Caesar and Carlos Arredondo re: trademark sale from Westy Connecticut, Inc to A&Co., LLC". The Defendants appear to be introducing this letter for the purpose of proving the contents of the letter itself, i.e. it is being offered in evidence to prove the truth of the matter asserted. As such, this document is hearsay and should be properly excluded under Fed. R. of Evid. 801. This document does not meet any of the established hearsay exceptions, thus it is properly excluded.

9.    **Defendants' Exhibit 410 is hearsay.**

Defendants' Exhibit 410 is described by the Defendants as "Letter from Craig Raabe, Esq. to David Stewart, Esq. re: APLP to pay attorneys' fees and costs for the trust in the pending litigation with attached facsimile confirmation". The Defendants appear to be introducing this letter for the purpose of proving the contents of the letter itself, i.e. it is being offered in evidence to prove the truth of the matter asserted. As such, this document is hearsay and should be properly excluded under Fed. R. of Evid. 801. This document does not meet any of the established hearsay exceptions, thus it is properly excluded.

10.    **Defendants' Exhibit 437 is hearsay.**

Defendants' Exhibit 437 is described by the Defendants as "Transcript of APLP annual meeting". The Defendants appear to be introducing this letter for the purpose of proving the

- 10 -

contents of the transcript itself, i.e. it is being offered in evidence to prove the truth of the matter asserted. As such, this document is hearsay and should be properly excluded under Fed. R. of Evid. 801. This document does not meet any of the established hearsay exceptions, thus it is properly excluded.

**11.     Defendants' Exhibits 438 and 458 are hearsay.**

Defendants' Exhibits 438 and 458 are described by the Defendants as "APLP annual meeting minutes/report". Some of the documents included within this exhibit are being offered to prove the truth of the matter asserted within the documents. As such, this document is hearsay and should be properly excluded under Fed. R. of Evid. 801. This document does not meet any of the established hearsay exceptions, thus it is properly excluded.

**12.     Defendants' Exhibits 418, 420 - 423, 425, 428, 434 - 436, and 442- 456 are hearsay.**

Defendants' Exhibits 418, 420 - 423, 425, 428, 434 - 436, and 442- 456 are previous filings and deposition testimony in this case. Each document is hearsay to the extent it is being introduced to prove its contents. Plaintiff does object to the use these documents to the extent they are properly introduced to prove inconsistent statement as per Fed. R. of Evid. 801(d)(1). Separate from that, however, these documents are hearsay and should be properly excluded.

**F.     Defendants Should Be Precluded From Introducing Documents Produced After The Close Of Discovery.**

Failure of a party to follow a scheduling order is grounds for the imposition of sanctions. Fed. R. Civ. Proc. 16(f). An appropriate sanction for introduction of evidence after the close of discovery is the striking of that evidence. Fed. R. Civ. Proc. 37(b)(2)(B). *see also Monagham v. SZS 33 Associates, L.P.,* 148 F.R.D. 500 (S.D.N.Y. 1993). Defendants' Exhibits 28, 53, 54, 58, 59, 60, 61, 65, 67, 68, 74, 76, 77, 92, 93, 95, 118, 122, 154, 221, 231, 234, 312, 371, 389, and

- 11 -

457 were not produced until well after the close of discovery. Yet, all of these documents were responsive to Plaintiff's document requests.

The discovery deadlines established by the Federal Rules and this Court are designed to facilitate the orderly preparation of a case for trial. Parties are therefore under an obligation to engage in the discovery process in a timely manner. *Monaghan*, 148 F.R.D. 508 (noting that "the general deterrent effect in enforcing strict adherence to the responsibilities litigants owe to the court and their adversaries is served" by entry of appropriate sanctions under Rule 37).

The discovery period in this case ended on August 13, 2004. Defendants waited to produce these exhibits until the last brief could be filed by either side in connection with the cross motions for summary judgment. However, all of the issues for which Defendants' cited the documents had been issues in this case since at least July 18, 2003 when Defendants filed their reply brief in support of their first motion for summary judgment in this case. The Defendants could have produced these documents before the close of discovery, but chose not to or failed to do so.

## G.    Defendants Should Be Precluded From Introducing Documents That Are Not Authenticated.

Federal Rule of Evidence 901(a) requires that a document be authenticated for it to be relevant and therefore admissible. *Advisory Committee Notes, Federal Rules of Evidence 901(a)* (1972) ("This requirement of showing authenticity or identity falls in the category of relevancy dependent upon fulfillment of a condition of fact[.]") The document is authentic if there is evidence "to support a finding that the matter in question is what its proponent claims." The Plaintiff objects to the following documents being introduced barring a showing of authenticity by the Defendant.

1.      **Defendants' Exhibits 47 - 48, 53 - 54, 65, 68, 122, 132 - 134, 163 - 165, 197 –
        210, and Bates Number 02928 have not been shown to be authentic.**

Defendants' Exhibits 47 - 48, 53 - 54, 65, 68, 122, 132 - 134, 163 - 165, 197 – 210, and

the document Bates numbered 02928 are draft sketches of various buildings and building sites.

The document Bates number 02928 appears to erroneously not have been assigned an exhibit

number. These sketches do not provide any information about themselves that would be helpful

in determining their authenticity.  More importantly, these sketches do not meet any of the

requirements for self-authentication as set forth by Fed. R. of Evid. 902.  Accordingly, barring a

sufficient showing of authenticity, these documents should not be admitted into evidence by the

Court.

2.      **Defendants' Exhibit 5, 15, 77, 97, 100, 102, 105, 107, 111, 117, 126, 127, 128,
        129, 135, 136, 137, 138, 140, 147, 154, 223, 308, 334, 366, 367, 372, 373, 374,
        391, 398, 418, 421, 425, 428, 434, and 447 – 452 have not been shown to be
        authentic.**

Defendants' Exhibits 5, 15, 77, 97, 100, 102, 105, 107, 111, 117, 126, 127, 128, 129, 135,

136, 137, 138, 140, 147, 154, 223, 308, 334, 366, 367, 372, 373, 374, 391, 398, 418, 421, 425,

428, 434, and 447 – 452 cannot be authenticated because they do not meet any of the

requirements of self-authentication as set forth by Fed. R. of Evid. 902.  Accordingly, barring a

sufficient showing of authenticity, these documents should not be admitted into evidence by the

Court.

3.      **Defendants' Exhibit 49 has not been shown to be authentic.**

Defendants' Exhibit 49 is described by the Defendants as "Quit Claim Deed from

Barbara Lisman and Robert Lee to City of Milford re: Rowe Avenue, Milford, CT".  This

document cannot be authenticated because neither Barbara Lisman, Robert Lee, nor a

representative of Milford, CT, is listed as witness for either of the parties.  In addition, this

ATL01/12073572v1

document is not self authenticating because it is not under seal nor is it a certified copy of a public record. As such, the document has not been authenticated and the court should not allow its entry into evidence.

### 4. Defendants' Exhibit 100 has not been shown to be authentic.

Defendants' Exhibit 100 is described by the Defendants as "Letter from Leon Wolochuk of Vollmer Associates to Thomas Riley re: proposal to perform professional engineering services for Milford, CT project (signed in acceptance on 10/23/90)". This document cannot be authenticated because it does not meet any of the requirements of self-authentication as set forth by Fed. R. of Evid. 902. Accordingly, barring a sufficient showing of authenticity, these documents should not be admitted into evidence by the Court.

### 5. Defendants' Exhibit 102 has not been shown to be authentic.

Defendants' Exhibit 102 is described by the Defendants as "Facsimile from T. Riley to Dave Bartlet of Vollmer Assoc. re: site plan drawing/trench drain". This document cannot be authenticated because it does not meet any of the requirements of self-authentication as set forth by Fed. R. of Evid. 902. Accordingly, barring a sufficient showing of authenticity, these documents should not be admitted into evidence by the Court.

### 6. Defendants' Exhibit 100 has not been shown to be authentic.

Defendants' Exhibit 100 is described by the Defendants as "Letter from Leon Wolochuk of Vollmer Associates to Thomas Riley re: proposal to perform professional engineering services for Milford, CT project (signed in acceptance on 10/23/90)". This document cannot be authenticated because it does not meet any of the requirements of self-authentication as set forth by Fed. R. of Evid. 902. Accordingly, barring a sufficient showing of authenticity, these documents should not be admitted into evidence by the Court.

- 14 -

**7.    Defendants' Exhibit 181 and 182 have not been shown to be authentic.**

Defendants' Exhibit 181 is described by the Defendants as "Quote from Overhead Door Co. of Norwalk, CT to Arredondo & Co., re: order for 20 plus doors along with information on rolling doors and technical data". Defendants' Exhibit 182 is described by the Defendants as "Bid Proposal and facsimile from Joe Creighton of HH Robertson to C. Arredondo attaching price study and summary". Neither of these documents is self-authenticating, and the Plaintiff does not recognize either of these documents. As such, the documents should be excluded from evidence absent sufficient showing of authenticity.

**8.    Defendants' Exhibit 191 has not been shown to be authentic.**

Defendants' Exhibit 191 is described by the Defendants as "Testwell Craig Laboratories Field Test Boring Logs of Westy's in Milford, CT". This document cannot be authenticated because Testwell Craig Laboratories is not listed as a witness for either of the parties. Although the document lists "Arredondo" under the "CLIENT" field, no evidence on the face of the document shows any recipients. In addition, this document does not meet any of the requirements for self-authentication as set forth by Fed. R. of Evid. 902. Accordingly, barring a sufficient showing of authenticity, these documents should not be admitted into evidence by the Court.

**9.    Defendants' Exhibit 220 has not been shown to be authentic.**

Defendants' Exhibit 220 is described by the Defendants as "Union Trust bank statement re: Westy's Milford Limited Partnership, along with handwritten notes re: corporations". This document cannot be authenticated because it does not meet any of the requirements of self-authentication as set forth by Fed. R. of Evid. 902. In addition, the second page of "handwritten

ATL01/12073572v1

notes" does not contain any evidence of the origin of the notes. Accordingly, barring a sufficient showing of authenticity, these documents should not be admitted into evidence by the Court.

**10.    Defendants' Exhibit 352 has not been shown to be authentic.**

Defendants' Exhibit 352 is described by the Defendants as "Handwritten note re: listing various 'reasons'". This document cannot be authenticated because it does not meet any of the requirements of self-authentication as set forth by Fed. R. of Evid. 902. Accordingly, barring a sufficient showing of authenticity, these documents should not be admitted into evidence by the Court.

**11.    Defendants' Exhibit 437 has not been shown to be authentic.**

Defendants' Exhibit 437 is described by the Defendants as "Transcript of APLP annual meeting". This document cannot be authenticated because it does not meet any of the requirements of self-authentication as set forth by Fed. R. of Evid. 902. Accordingly, barring a sufficient showing of authenticity, these documents should not be admitted into evidence by the Court.

**12.    Defendants' Exhibits 37-43, 45, 50, 62, 84, 94, 153, 224, 232, 235, 236, 244, 365, and 438 are improperly described by the Defendant and should be excluded barring a satisfactory change to their descriptions.**

Defendants' Exhibits 37-43, 45, 50, 62, 84, 94, 153, 224, 232, 235, 236, 244, 365, and 438 have descriptions that improperly describe the documents on Defendants' Exhibit List. Subject to any previous objections to the documents listed above or objections on grounds of relevance, Plaintiff believes that the documents could be admitted into evidence. However, Plaintiff objects to the inaccurate descriptions given these documents. With their inaccurate descriptions, these documents are not properly authenticated. Accordingly, the Plaintiff requests

ATL01/12073572v1

that the Court bar the admittance of these documents until agreeable descriptions of the

documents are reached between the parties.

**13.   Defendants' Exhibits 223, 255, 280, 367, 450, 454, and 456 are not complete copies of the documents barring the introduction of the complete document.**

Defendants' Exhibits 223, 255, 280, 350, 367, 450, 454, and 456 are incomplete copies of

full documents. Accordingly, any authentication of these documents is incomplete because the

authentication would relate to the contents of the whole document, not just the incomplete

version that the Defendants plan to use as an exhibit. Subject to any previous objections to the

documents listed above or objections on grounds of relevance, Plaintiff believes that the

documents could be introduced into evidence if the document in provided in whole.

Accordingly, the Plaintiff requests that the Court bar the admittance of these documents unless

the full version of the document is submitted as evidence.

**H.    Defendants' Exhibits 327, 334, 371, 391 are confidential documents regarding personal matter and should be excluded.**

Defendants' Exhibits 327, 334, and 371 are documents regarding Carlos Arredondo's

personal financial matters. These documents reveal personal financial details that are wholly

irrelevant to this case. More importantly, this violation of Carlos's personal financial privacy is

wholly unnecessary. Any relevant facts regarding Carlos's finances can be stipulated to by the

parties. Accordingly, the introduction of these documents into evidence and the violation of

Carlos's financial privacy can be avoided. The Plaintiff requests that the Court bar the

admittance of these documents because of their violation of Carlos Arredondo's right to financial

privacy.

- 17 -

**I.    Defendants Should Be Precluded From Introducing Documents That Contain Inadmissible Legal Conclusions.**

Defendants' Exhibit 410 is identified by the Defendants as "Letter from Craig Raabe, Esq. to David Stewart, Esq. re: APLP to pay attorneys' fees and costs for the trust in the pending litigation with attached facsimile confirmation". This letter contains legal conclusions set forth by the Defendant that were made during the course of this litigation. This letter is being introduced to show those legal conclusions. These conclusions are properly determined by the Court, and should be excluded from introduction as evidence.

**J.    Defendants Should Be Precluded From Introducing Documents That are Attorney-Client Privileged.**

Defendants' Exhibit 458 is identified by the Defendants as "APLP annual meeting minutes/report". This exhibit contains an email to APLP from its legal counsel. This email is attorney-client privileged and should be properly be excluded from introduction as evidence.

Respectfully submitted, this 16th day of December, 2005.

MARTIN J. ELGISON (ct24759)
DAVID J. STEWART (ct24757)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Ph (404) 881-7000; Fx (404) 881-7777

ROBERT P. DOLIAN (ct04278)
CUMMINGS & LOCKWOOD LLC
Four Stamford Plaza, P.O. Box 120
Stamford, Connecticut 06904-0120
Ph (203)327-1700; Fx (203) 708-5647

Counsel for Plaintiff

ATL01/12073572v1