IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARLOS A. ARREDONDO, in his capacity as Trustee of The 2000 Trust for the Grandchildren of Carlos A. Arredondo and Mari V. Arredondo, General Partner of Arredondo Properties Limited Partnership,<br><br>      Plaintiff,<br><br>  v.<br><br>CAESAR A. ARREDONDO, individually and in his capacity as Trustee of The 2000 Trust for the Grandchildren of Caesar A. Arredondo and Carolyn Abad Arredondo; THE 2000 TRUST FOR THE GRANDCHILDREN OF CAESAR A. ARREDONDO AND CAROLYN ABAD ARREDONDO, in its capacity as General Partner of Arredondo Properties Limited Partnership; and ARREDONDO & CO., LLC,<br><br>      Defendants. | CIVIL ACTION FILE<br><br>NO. 3:02 CV 2200 (CFD)<br><br>Initially Filed: December 16, 2005 (Dkt. 93-5)<br>Filed:  May 25, 2007 (Dkt. 110-4) |

**PLAINTIFF'S AMENDED MOTION IN LIMINE AND**
<u>**MEMORANDUM OF LAW IN SUPPORT THEREOF**</u>

    Plaintiff moves to preclude Defendants from presenting evidence or arguments concerning the following three topics:

    1)  Plans to develop a self storage facility in Milford, Connecticut in 1991 and 1992.

    2)  The events, circumstances, and reasons that caused Carlos Arredondo to sell his shares in Arredondo & Co., LLC ("A&Co.") in December of 1999 and January of 2000.

- 2 -

    3)   The standing of Carlos Arredondo to bring a declaratory judgment suit regarding the ownership of the disputed marks based upon Plaintiff's alleged failure to comply with the terms and conditions of the Arredondo Properties Limited Partnership ("APLP") Partnership Agreement.

As discussed in detail herein, each of the first two foregoing topics presents significant risks of undue prejudice or waste of the Court's time and resources, and each have no bearing whatsoever on the on any fact of consequence in the determination of these actions. Accordingly, Plaintiff requests that each of these topics be excluded from trial and that pursuant to Fed. R. of Civ. P. 401, 403, and the other authorities cited herein, Defendants be precluded from offering evidence tending to prove these matters or offering arguments on these points.

The Court should preclude the Defendants from introducing any evidence regarding the third topic because the Defendants did not plead this defense in their Answer and Affirmative Defenses to First Amended Complaint filed on August 5, 2003.

Plaintiff also moves to exclude certain documents listed on Defendant's Exhibit List for their failure to meet the criteria set forth by the Federal Rules of Evidence. The following exhibits on Defendant's Exhibit List are objected to: 5, 14, 15, 16, 28, 34, 35, 36, 37, 38, 39, 40, 42, 44, 45, 46, 47, 50, 51, 55, 56, 57, 58, 59, 62, 64, 65, 71, 73, 74, 81, 89, 90, 91, 92, 102, 115, 119, 129, 130, 131, 150, 151, 160, 161, 162, 179, 180, 189, 195, 198, 197, 200, 199, 201, 202, 203, 204, 205, 206, 207, 208, 209, 219, 220, 222, 223, 230, 231, 233, 234, 235, 243, 254, 279, 307, 311, 326, 333, 349, 351, 365, 366, 367, 371, 389, 391, 398, 410, 418, 420, 421, 422, 423, 425, 428, 434, 435, 436, 437, 438, 439, 440, 441, 442, 443, 444, 445, 446, 447, 448, 449, 451, 452, 453, 454, 455, 457, 458, and 459. Plaintiff also objects to document Bates Numbered 02928, which does not bear an exhibit number, but appears as Exhibit 200 on Defendants'

Amended Exhibit List.  The above objections do not include Plaintiff's objections on grounds of relevance for any of the documents placed on Defendants' exhibit list.  Plaintiff hereby reserves its right to object to any documents on Defendants' exhibit list on grounds of relevance.

**ARGUMENT AND CITATION OF AUTHORITY**

Irrelevant evidence is generally inadmissible at trial.  Fed. R. Evid. 402.  Although the Federal Rules of Evidence do not specifically define what constitutes "irrelevant evidence," the Federal Rules do define "'relevant evidence,'" as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401 (emphasis added).  Evidence is not, however, admissible simply because it is relevant.  The Court must balance the probative value of even relevant evidence against the danger of unfair prejudice, confusion of the issues, or wasting time.  In instances where those risks substantially outweigh the probative value of the proffered evidence, the evidence should be excluded.  Fed. R. Evid. 403.

Each of the topics that Plaintiff seeks to exclude is discussed below:

**A.    Defendants Should Be Precluded From Introducing Evidence Regarding Plans to Develop a Self Storage Facility in Milford, Connecticut in 1991 or 1992.**

Rights in a trademark are created by the use of the mark.  A future intent to use a mark does not create any protectable rights in a trademark unless the mark is used commercially or an application is filed with the U.S. Trademark Office based on an intent to use.  In this case, neither of these two events occurred with respect to any use of the mark in Milford.  Indeed, the first use of the Westy's mark was in connection with the Westy's self-storage center in Port Chester, New York.  Based upon previous motions in this case, Plaintiff expects Defendants to try to introduce evidence regarding plans that never came to fruition to build a proposed self

storage center in Milford, Connecticut. Evidence regarding the proposed creation of this store, however, contains no probative value to the court and should be excluded.

The reason that the evidence has no probative value is that the Westy's mark was never "used" in connection with any facility in Milton. Trademarks are symbols that serve in the minds of the consuming public to identify the goodwill of a product or service. *See, e.g., Mishawanka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203 (1942) ("[Use of a mark is] to convey through the mark, in the minds of potential customers, the desirability of the commodity upon which it appears. Once this is attained, the trademark owner has something of value."); *Berni v. Intn'l Gourmet Rests. of Am., Inc.*, 838 F.2d 642, 646 (2d Cir. 1988). Trademark rights may be acquired in the United States only through use of a mark in commerce to identify goods or services sold under the mark, not by registration of the mark with the USPTO or any other registration body. *See, e.g., Berni,* 838 F.2d at 646 ("The extent of any trademark right is defined by its actual use in the marketplace"); *Allard Enters., Inc. v. Advanced Programming Res., Inc.*, 249 F.3d 564, 572 (6th Cir. 2001) ("Federal registration of a trademark or service mark cannot create rights and priority over others who have previously used the mark in commerce . . . "). The owner of a mark is the party that first uses the mark in commerce to identify a product or service. *See, e.g., Hanover Star Milling Co. v. Metcalf*, 240 U.S. 403, 412 (1916); 15 U.S.C. § 1127.

Thus, any evidence of <u>proposed</u> or <u>contemplated</u> use of the Westy's mark in Milford is completely irrelevant to this case because there is no evidence that shows that the mark was ever actually used in connection with the Milford location before the use by the first store located in Port Chester. As such, any evidence regarding any planning to construct a store in Milford

serves no purpose in determining the rights in the mark, and it wastes the Court's time with irrelevant testimony and documents.

**B.     Defendants Should Be Precluded From Introducing Evidence Regarding events, circumstances, and reasons that caused Carlos Arredondo to sell his shares in Arredondo & Co., LLC.**

Plaintiffs do not dispute the fact that Carlos Arredondo sold his interest in Arredondo & Co., LLC to Caesar Arredondo on December 31, 1999. Although the events and circumstances that caused Carlos Arredondo to divest his stake in A&Co. are in dispute, they are not relevant to the Court's determination of ownership of the Westy marks. If the Westy marks were owned by A&Co. at the time of the 1999 sale, Plaintiff does not dispute that it owns no rights in the marks. However, if Arredondo Properties Limited Partnership ("APLP") owned the rights in the mark at the time of the 1999 sale, that sale had no effect on the ownership of the Westy marks. Thus, evidence regarding the circumstances pursuant to which Carlos Arredondo sold his interest in A&Co. has no bearing on the determination of which entity owned the marks at the time of the 1999 sale.

The sale from Carlos to Caesar was made in their personal capacities as shareholders in A&Co. Carlos Arredondo is not bringing this action in his own capacity; rather, he is bringing this suit in his role as Trustee of The 2000 Trust for the Grandchildren of Carlos A. Arredondo and Mari V. Arredondo, a general partner of APLP. Carlos Arredondo stands to gain nothing personally from a favorable outcome. Instead, the Court's validation of APLP's ownership of the marks will simply guarantee the future of the Westy's business for the children and grandchildren of both Carlos and Caesar Arredondo. The evidence regarding the reasons behind the sale of Carlos's stake in A&Co. is entirely grounded in the personal dispute between the

brothers, and it is unrelated to their actions as trustees of APLP or as officers of the other corporations involved in the operation of the WESTY business.

The facts and circumstances surrounding the 1999 sale have torn apart two brothers who had been in business together for the previous twenty-five years. In addition, the animosity has spread to the families and children of each of the brothers. Carlos Arredondo, in his personal capacity, would relish the opportunity to air his grievances regarding the 1999 sale before a court of law. However, allowing testimony and evidence on this wholly irrelevant matter would only cause more damage to both families without advancing the cause of justice.

Accordingly, Plaintiff asks that the Court exclude any evidence of the reasons that Carlos Arredondo sold his shares in A&Co. and requests that the Court focus on relevant facts, those regarding who properly owns the disputed marks.

**C.     Defendants Should Be Precluded From Asserting a Defense that Plaintiff Is Barred From Bringing Count One Based an Alleged Breach of the APLP Partnership Agreement Because Defendant Failed to Plead this Defense in Its Answer**

In the Joint Trial Memorandum, the Defendants allege that the Plaintiff is barred from bringing the asserted claims because they are in breach of the APLP Partnership Agreement. This allegation is being raised for the first time by the Defendants in regards to Count I of the Plaintiff's Complaint. Count I is the claim for Declaratory Judgment by the Plaintiff regarding the ownership of WESTY marks. In the Defendants' Answer and Affirmative Defenses to First Amended Complaint filed on August 5, 2003, the Defendants did not assert this affirmative defense. The only related affirmative defense was labeled "SIXTH AFFIRMATIVE DEFENSE TO COUNTS TWO AND THREE". This defense was that "The plaintiff's claims are barred by the plaintiff's failure to comply with the terms and conditions of the APLP Partnership Agreement." The defense was not directed to Count One.

Rule 8(c) of the Federal Rules of Civil Procedure states that a party "shall set forth" affirmative defenses in a responsive pleading. The Defendants did not assert this affirmative defense with respect to claim one in their answers, nor did they move to amend their answers to add that affirmative defense. The "[f]ailure to plead an affirmative defense in the answer results in the waiver of that defense and its exclusion from the case." *United States for and on Behalf of Maritime Admin. v. Continental Illinois Nat. Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1253 (2d Cir.1989) (citations and internal quotations omitted).

It was not until long after the conclusion of discovery and the preparation for trial that the Defendants raised the issue of breach of contract with respect to Claim I. Under these circumstances, the Court should find that the Defendants have waived any defense to claim one of the complaint grounded in an alleged breach of the APLP Partnership Agreement. See *Id.*; *Leybinsky v. Millich*, 2004 WL 2202577 at *2 (W.D.N.Y. 2004).

**D.    Defendants Should Be Precluded From Introducing Documents Regarding Settlement Discussions.**

Defendants' Exhibits 14, 396, and 397 should be precluded because the are documents that were created in the course of settlement negotiations regarding the benefits of the proposed settlement to APLP. Federal Rule of Evidence 408 precludes evidence of "(1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount." This information could only be introduced to provide evidence of APLP offering consideration in an attempt to settle this claim with the Defendant. As such, it should properly be excluded.

**E.    Defendants Should Be Precluded From Introducing Documents Containing Hearsay.**

Hearsay is a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Federal Rule of Evidence 801(c). The following documents should be excluded because they contain hearsay.

**1.    Defendants' Exhibit 15 is hearsay.**

Defendants' Exhibit 15 is described by the Defendants as "Handwritten notes re: Milford expenditures." The Defendants appear to be introducing these notes for the purpose of proving the contents of the letter itself, i.e. it is being offered in evidence to prove the truth of the matter asserted. As such, this document is hearsay and should be properly excluded under Fed. R. of Evid. 801. This document does not meet any of the established hearsay exceptions, thus it is properly excluded.

**2.    Defendants' Exhibit 16 is hearsay.**

Defendants' Exhibit 16 is described by the Defendants as "Handwritten notes re: status of corporations and bank account information." The Defendants appear to be introducing these notes for the purpose of proving the contents of the letter itself, i.e. it is being offered in evidence to prove the truth of the matter asserted. As such, this document is hearsay and should be properly excluded under Fed. R. of Evid. 801. This document does not meet any of the established hearsay exceptions, thus it is properly excluded.

**3.    Defendants' Exhibit 219 is hearsay.**

Defendants' Exhibit 219 is described by the Defendants as "Union Trust bank statement re: Westy's Milford Limited Partnership along with handwritten notes re: corporations". The Defendants appear to be introducing this statement and notes for the purpose of proving the contents of the statements and notes, i.e. it is being offered in evidence to prove the truth of the matter asserted. The handwritten notes on the statement is hearsay because, unlike the statement

itself, the notes do not meet any of the established hearsay exceptions. As such, this document is hearsay and should be properly excluded under Fed. R. of Evid. 801.

    **4.    Defendants' Exhibits 307, 333, 366, and 391 are hearsay.**

Defendants' Exhibit 307, 333, 366, 391, are statements regarding Carlos Arredondo's financial information. The Defendants appear to be introducing this statement for the purpose of proving the contents of the statement itself, i.e. it is being offered in evidence to prove the truth of the matter asserted. As such, this document is hearsay and should be properly excluded under Fed. R. of Evid. 801. This document does not meet any of the established hearsay exceptions, thus it is properly excluded.

    **5.    Defendants' Exhibit 351 is hearsay.**

Defendants' Exhibit 351 is described by the Defendants as "Handwritten note re: listing various 'reasons'". The Defendants appear to be introducing this note for the purpose of proving the contents of the note and its "reasons", i.e. it is being offered in evidence to prove the truth of the matter asserted. The handwritten note is hearsay because it does not meet any of the established hearsay exceptions. As such, this document is hearsay and should be properly excluded under Fed. R. of Evid. 801.

    **6.    Defendants' Exhibits 372 - 374 are hearsay.**

Defendants' Exhibits 372 - 374 are letters to Arredondo & Co. regarding the trademark applications. The Defendants appear to be introducing this note for the purpose of proving the contents of the letter, i.e. it is being offered in evidence to prove the truth of the matter asserted. The letter is hearsay because it does not meet any of the established hearsay exceptions. As such, this document is hearsay and should be properly excluded under Fed. R. of Evid. 801.

    **7.    Defendants' Exhibit 389 is hearsay.**

Defendants' Exhibit 389 is described by the Defendants as "Memo from Caesar to Carlos re: agreement made at APLP general partners meeting on 3/9/02". The Defendants appear to be introducing this memo for the purpose of proving the contents of the memo itself, i.e. it is being offered in evidence to prove the truth of the matter asserted. As such, this document is hearsay and should be properly excluded under Fed. R. of Evid. 801. This document does not meet any of the established hearsay exceptions, thus it is properly excluded.

8.    **Defendants' Exhibit 398 is hearsay.**

Defendants' Exhibit 398 is described by the Defendants as "Memo from Peter Formanek to Caesar and Carlos Arredondo re: trademark sale from Westy Connecticut, Inc to A&Co., LLC". The Defendants appear to be introducing this letter for the purpose of proving the contents of the letter itself, i.e. it is being offered in evidence to prove the truth of the matter asserted. As such, this document is hearsay and should be properly excluded under Fed. R. of Evid. 801. This document does not meet any of the established hearsay exceptions, thus it is properly excluded.

9.    **Defendants' Exhibit 410 is hearsay.**

Defendants' Exhibit 410 is described by the Defendants as "Letter from Craig Raabe, Esq. to David Stewart, Esq. re: APLP to pay attorneys' fees and costs for the trust in the pending litigation with attached facsimile confirmation". The Defendants appear to be introducing this letter for the purpose of proving the contents of the letter itself, i.e. it is being offered in evidence to prove the truth of the matter asserted. As such, this document is hearsay and should be properly excluded under Fed. R. of Evid. 801. This document does not meet any of the established hearsay exceptions, thus it is properly excluded.

10.    **Defendants' Exhibit 437 is hearsay.**

Defendants' Exhibit 437 is described by the Defendants as "Transcript of APLP annual meeting". The Defendants appear to be introducing this letter for the purpose of proving the contents of the transcript itself, i.e. it is being offered in evidence to prove the truth of the matter asserted. As such, this document is hearsay and should be properly excluded under Fed. R. of Evid. 801. This document does not meet any of the established hearsay exceptions, thus it is properly excluded.

11. **Defendants' Exhibits 438 and 459 are hearsay.**

Defendants' Exhibits 438 and 459 are described by the Defendants as "APLP annual meeting minutes/report". Some of the documents included within this exhibit are being offered to prove the truth of the matter asserted within the documents. As such, this document is hearsay and should be properly excluded under Fed. R. of Evid. 801. This document does not meet any of the established hearsay exceptions, thus it is properly excluded.

12. **Defendants' Exhibits 418, 420 - 423, 425, 428, 434 - 436, and 442- 457 are hearsay.**

Defendants' Exhibits 418, 420 - 423, 425, 428, 434 - 436, and 442- 457 are previous filings and deposition testimony in this case. Each document is hearsay to the extent it is being introduced to prove its contents. Plaintiff does object to the use these documents to the extent they are properly introduced to prove inconsistent statement as per Fed. R. of Evid. 801(d)(1). Separate from that, however, these documents are hearsay and should be properly excluded.

F. **Defendants Should Be Precluded From Introducing Documents Produced After The Close Of Discovery.**

Failure of a party to follow a scheduling order is grounds for the imposition of sanctions. Fed. R. Civ. Proc. 16(f). An appropriate sanction for introduction of evidence after the close of discovery is the striking of that evidence. Fed. R. Civ. Proc. 37(b)(2)(B). *see also Monagham v.*

*SZS 33 Associates, L.P.,* 148 F.R.D. 500 (S.D.N.Y. 1993). Defendants' Exhibits 28, 50, 51, 55, 56, 57, 58, 62, 64, 65, 71, 73, 74, 89, 90, 92, 115, 119, 151, 220, 230, 233, 311, 371, 389, and 458 were not produced until well after the close of discovery. Yet, all of these documents were responsive to Plaintiff's document requests.

The discovery deadlines established by the Federal Rules and this Court are designed to facilitate the orderly preparation of a case for trial. Parties are therefore under an obligation to engage in the discovery process in a timely manner. *Monaghan*, 148 F.R.D. 508 (noting that "the general deterrent effect in enforcing strict adherence to the responsibilities litigants owe to the court and their adversaries is served" by entry of appropriate sanctions under Rule 37).

The discovery period in this case ended on August 13, 2004. Defendants waited to produce these exhibits until the last brief could be filed by either side in connection with the cross motions for summary judgment. However, all of the issues for which Defendants' cited the documents had been issues in this case since at least July 18, 2003 when Defendants filed their reply brief in support of their first motion for summary judgment in this case. The Defendants could have produced these documents before the close of discovery, but chose not to or failed to do so.

**G.    Defendants Should Be Precluded From Introducing Documents That Are Not Authenticated.**

Federal Rule of Evidence 901(a) requires that a document be authenticated for it to be relevant and therefore admissible. *Advisory Committee Notes, Federal Rules of Evidence 901(a)* (1972) ("This requirement of showing authenticity or identity falls in the category of relevancy dependent upon fulfillment of a condition of fact[.]") The document is authentic if there is evidence "to support a finding that the matter in question is what its proponent claims." The

Plaintiff objects to the following documents being introduced barring a showing of authenticity by the Defendant.

1. **Defendants' Exhibits 44 - 45, 50 - 51, 62, 65, 119, 129 - 131, 160 - 162, 195 – 209, and Bates Number 02928 appearing as Exhibit 200 on Defendants' Amended Exhibit List have not been shown to be authentic.**

Defendants' Exhibits 44 - 45, 50 - 51, 62, 65, 119, 129 - 131, 160 - 162, 195 – 209, and the document Bates numbered 02928 and appearing as Exhibit 200 on Defendants' Amended Exhibit List are draft sketches of various buildings and building sites. These sketches do not provide any information about themselves that would be helpful in determining their authenticity. More importantly, these sketches do not meet any of the requirements for self-authentication as set forth by Fed. R. of Evid. 902. Accordingly, barring a sufficient showing of authenticity, these documents should not be admitted into evidence by the Court.

2. **Defendants' Exhibit 5, 15, 74, 94, 97, 99, 102, 104, 108, 114, 123, 124, 125, 126, 132, 133, 134, 135, 137, 144, 151, 222, 307, 333, 366, 367, 372, 373, 374, 391, 398, 418, 421, 425, 428, 434, and 447 – 452 have not been shown to be authentic.**

Defendants' Exhibits 5, 15, 74, 94, 97, 99, 102, 104, 108, 114, 123, 124, 125, 126, 132, 133, 134, 135, 137, 144, 151, 222, 307, 333, 366, 367, 372, 373, 374, 391, 398, 418, 421, 425, 428, 434, and 447 – 452 cannot be authenticated because they do not meet any of the requirements of self-authentication as set forth by Fed. R. of Evid. 902. Accordingly, barring a sufficient showing of authenticity, these documents should not be admitted into evidence by the Court.

3. **Defendants' Exhibit 46 has not been shown to be authentic.**

Defendants' Exhibit 46 is described by the Defendants as "Quit Claim Deed from Barbara Lisman and Robert Lee to City of Milford re: Rowe Avenue, Milford, CT". This document cannot be authenticated because neither Barbara Lisman, Robert Lee, nor a

- 13 -

representative of Milford, CT, is listed as witness for either of the parties. In addition, this document is not self authenticating because it is not under seal nor is it a certified copy of a public record. As such, the document has not been authenticated and the court should not allow its entry into evidence.

    **4.**    **Defendants' Exhibit 179 and 180 have not been shown to be authentic.**

Defendants' Exhibit 179 is described by the Defendants as "Quote from Overhead Door Co. of Norwalk, CT to Arredondo & Co., re: order for 20 plus doors along with information on rolling doors and technical data". Defendants' Exhibit 180 is described by the Defendants as "Bid Proposal and facsimile from Joe Creighton of HH Robertson to C. Arredondo attaching price study and summary". Neither of these documents is self-authenticating, and the Plaintiff does not recognize either of these documents. As such, the documents should be excluded from evidence absent sufficient showing of authenticity.

    **5.**    **Defendants' Exhibit 189 has not been shown to be authentic.**

Defendants' Exhibit 191 is described by the Defendants as "Testwell Craig Laboratories Field Test Boring Logs of Westy's in Milford, CT". This document cannot be authenticated because Testwell Craig Laboratories is not listed as a witness for either of the parties. Although the document lists "Arredondo" under the "CLIENT" field, no evidence on the face of the document shows any recipients. In addition, this document does not meet any of the requirements for self-authentication as set forth by Fed. R. of Evid. 902. Accordingly, barring a sufficient showing of authenticity, these documents should not be admitted into evidence by the Court.

    **6.**    **Defendants' Exhibit 219 has not been shown to be authentic.**

Defendants' Exhibit 219 is described by the Defendants as "Union Trust bank statement re: Westy's Milford Limited Partnership, along with handwritten notes re: corporations". This document cannot be authenticated because it does not meet any of the requirements of self-authentication as set forth by Fed. R. of Evid. 902. In addition, the second page of "handwritten notes" does not contain any evidence of the origin of the notes. Accordingly, barring a sufficient showing of authenticity, these documents should not be admitted into evidence by the Court.

7. **Defendants' Exhibit 351 has not been shown to be authentic.**

Defendants' Exhibit 351 is described by the Defendants as "Handwritten note re: listing various 'reasons'". This document cannot be authenticated because it does not meet any of the requirements of self-authentication as set forth by Fed. R. of Evid. 902. Accordingly, barring a sufficient showing of authenticity, these documents should not be admitted into evidence by the Court.

8. **Defendants' Exhibit 437 has not been shown to be authentic.**

Defendants' Exhibit 437 is described by the Defendants as "Transcript of APLP annual meeting". This document cannot be authenticated because it does not meet any of the requirements of self-authentication as set forth by Fed. R. of Evid. 902. Accordingly, barring a sufficient showing of authenticity, these documents should not be admitted into evidence by the Court.

9. **Defendants' Exhibits 34-40, 42, 47, 59, 81, 91, 150, 223, 231, 234, 235, 234, 365, and 438 are improperly described by the Defendant and should be excluded barring a satisfactory change to their descriptions.**

Defendants' Exhibits 34-40, 42, 47, 59, 81, 91, 150, 223, 231, 234, 235, 234, 365, and 438 have descriptions that improperly describe the documents on Defendants' Exhibit List. Subject to any previous objections to the documents listed above or objections on grounds of

relevance, Plaintiff believes that the documents could be admitted into evidence. However, Plaintiff objects to the inaccurate descriptions given these documents. With their inaccurate descriptions, these documents are not properly authenticated. Accordingly, the Plaintiff requests that the Court bar the admittance of these documents until agreeable descriptions of the documents are reached between the parties.

   10.   **Defendants' Exhibits 222, 254, 279, 349, 367, 450, 454, and 457 are not complete copies of the documents barring the introduction of the complete document.**

Defendants' Exhibits 222, 254, 279, 349, 367, 450, 454, and 457 are incomplete copies of full documents. Accordingly, any authentication of these documents is incomplete because the authentication would relate to the contents of the whole document, not just the incomplete version that the Defendants plan to use as an exhibit. Subject to any previous objections to the documents listed above or objections on grounds of relevance, Plaintiff believes that the documents could be introduced into evidence if the document in provided in whole. Accordingly, the Plaintiff requests that the Court bar the admittance of these documents unless the full version of the document is submitted as evidence.

**H.   Defendants' Exhibits 326, 333, 371, and 391 are confidential documents regarding personal matter and should be excluded.**

Defendants' Exhibits 326, 333, 371, and 391 are documents regarding Carlos Arredondo's personal financial matters. These documents reveal personal financial details that are wholly irrelevant to this case. More importantly, this violation of Carlos's personal financial privacy is wholly unnecessary. Any relevant facts regarding Carlos's finances can be stipulated to by the parties. Accordingly, the introduction of these documents into evidence and the violation of Carlos's financial privacy can be avoided. The Plaintiff requests that the Court bar

the admittance of these documents because of their violation of Carlos Arredondo's right to financial privacy.

### I. Defendants Should Be Precluded From Introducing Documents That Contain Inadmissible Legal Conclusions.

Defendants' Exhibit 410 is identified by the Defendants as "Letter from Craig Raabe, Esq. to David Stewart, Esq. re: APLP to pay attorneys' fees and costs for the trust in the pending litigation with attached facsimile confirmation". This letter contains legal conclusions set forth by the Defendant that were made during the course of this litigation. This letter is being introduced to show those legal conclusions. These conclusions are properly determined by the Court, and should be excluded from introduction as evidence.

### J. Defendants Should Be Precluded From Introducing Documents That are Attorney-Client Privileged.

Defendants' Exhibit 459 is identified by the Defendants as "APLP annual meeting minutes/report". This exhibit contains an email to APLP from its legal counsel. This email is attorney-client privileged and should be properly be excluded from introduction as evidence.

Respectfully submitted, this 25th day of June, 2007.

    /s/ Jason D. Rosenberg
MARTIN J. ELGISON (ct24759)
DAVID J. STEWART (ct24757)
JASON D. ROSENBERG (phv01770)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Ph (404) 881-7000; Fx (404) 881-7777

ROBERT P. DOLIAN (ct04278)
CUMMINGS & LOCKWOOD LLC
Four Stamford Plaza, P.O. Box 120
Stamford, Connecticut 06904-0120
Ph  (203)327-1700; Fx  (203) 708-5647

Counsel for Plaintiff

CERTIFICATE OF SERVICE

      This is to certify that a copy of the foregoing PLAINTIFF'S AMENDED MOTION IN LIMINE AND MEMORANDUM OF LAW IN SUPPORT THEREOF was served electronically via CM/ECF, on this 25th day of June, 2007, to the following counsel of record:


CRAIG A. RAABE (CT04116)
EDWARD J. HEATH (CT20292)
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-8200
Facsimile: (860) 275-8299
craabe@rc.com
eheath@rc.com

HUBERT J. SANTOS (CT00069)
Santos & Steeley, P.C.
51 Russ Street
Hartford, CT 06106
Phone: (860) 249-6548
hsantos@santos-seeley.net

DAVID M. KELLY, *pro hac vice*
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
1300 I Street, NW
Washington, DC 20005-3315
Phone: (202) 408-4000
David.kelly@finnegan.com


                                                /s/  Jason D. Rosenberg
                                                Jason D. Rosenberg