IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **CARLOS A. ARREDONDO**, in his capacity as Trustee of The 2000 Trust for the Grandchildren of Carlos A. Arredondo and Mari V. Arredondo, General Partner of Arredondo Properties Limited Partnership,<br><br>       **Plaintiff,**<br><br>v.<br><br>**CAESAR A. ARREDONDO, et al.**<br><br>       **Defendants.** | CIVIL ACTION NO.:<br>3:02 CV 02200 (CFD)<br><br><br><br>JULY 27, 2007 |

## MOTION FOR LEAVE TO AMEND ANSWER

Pursuant to Fed. R. Civ. P. 15(b), the Defendants hereby move the Court for an order permitting them to file an Amended Answer to the Plaintiff's First Amended Complaint. In support of this motion, the Defendants state as follows:

    1.    The Plaintiff's First Amended Complaint was filed on July 21, 2003; and the Defendants' Answer to that amended complaint was filed on August 5, 2003 ("Answer").

    2.    In their Answer, the Defendants asserted the following as their Sixth Affirmative Defense: "The plaintiff's claims are barred by the plaintiff's failure to comply with the terms and conditions of the APLP Partnership Agreement." The Defendants directed that affirmative defense to the Second and Third Counts.

    3.    In the parties' December 2005 Joint Trial Memorandum, the Defendants, believing, as they had intended, that they had directed the Sixth Affirmative Defense to all three counts, stated that all of the Plaintiff's claims were barred because he failed to comply with the APLP Partnership Agreement.

4.  In preparing their opposition to the Plaintiff's Amended Motion in Limine, however, the Defendants realized that the Sixth Affirmative defense was inadvertently directed only to the Second and Third Counts.

5.  Accordingly, the Defendants now seek the Court's permission to file the attached Amended Answer to the Plaintiff's First Amended Complaint in order to correct the record. (Copy attached as Exhibit 1). On this issue, the Amended Answer merely reflects that the Sixth Affirmative Defense is directed to all counts.

6.  The only other changes to the Answer appear in Paragraphs 11 and 13 to reflect that there are now sixteen WESTY facilities in Connecticut, New York, and New Jersey. That Paragraph currently states that there are eleven facilities in Connecticut and New York.

7.  Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may move to amend the pleadings with leave of court "and leave shall be freely given when justice so requires." Even if the leave is sought during trial, it can be given unless "it would cause prejudice to the other party by requiring discovery to be reopened, delaying the proceedings or creating additional litigation expenses." The Cadle Co. v. Jones, Nos. 3:00CV316 (WWE), 3:00CV317 (WWE), 2004 WL 2049321, *4 (D.Conn. August 20, 2004) (copy attached as Exhibit 2). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." Callahan v. Unisource Worldwide, Inc., No. 3:01CV1205 (CFD), 2004 WL 413268 *1 (D.Conn. Feb. 24, 2004.) (citing State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir.1981)) (copy attached as Exhibit 3). "[T]he lenient standard under Rule 15, which provides that leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) [ ] that the Court's

scheduling order 'shall not be modified except upon a showing of good cause.' . . . A finding of good cause depends on the diligence of the moving party." Id. (citations omitted).

8. The requested amendment would not unduly prejudice Carlos because the Defendants have been diligent in making him aware of the scope and applicability of this defense. The defense is that Carlos's claims are barred because in bringing this action he failed to comply with the APLP Partnership Agreement, which requires the consent of both general partners (i.e., Caesar and Carlos) to take action on behalf of APLP. Carlos has known of this provision in the APLP Partnership Agreement since well before this litigation because he is one of APLP's two general partners. Additionally, in the APLP mission statement that Caesar and Carlos drafted and APLP approved in March of 2000, the brothers, as trustees of the general partners, declared that through 2020, "all decisions must be made unanimously by both general partners." These mutual consent requirements were intended to prevent exactly the type of unilateral activity that Carlos has engaged in by bringing this lawsuit without the consent of the other general partner, his brother, Caesar.

9. Moreover, Carlos has known of Caesar's lack of consent to this litigation since the early days of this case. For example, in a March 20, 2003 letter from the Defendants' counsel to Carlos' counsel, Carlos was advised that Caesar did not consent to the institution of this action.[1] Also, since December 2005 Carlos has had the parties' Joint Trial Memorandum, which addresses the Sixth Affirmative Defense as though it were directed as to all counts, and thus he has had more than ample time to consider any factual or legal defenses to a broader version of that defense than the Defendants set out in August 2003. As Carlos is aware, no

---

[1] That letter is designated as Trial Exhibit 410.

additional discovery, expenses or delays would be necessary to address the inclusion of the First Count in the Sixth Affirmative Defense.

                DEFENDANTS,
                CAESAR A. ARREDONDO, et al.

By /s/ Edward J. Heath
    Craig A. Raabe (ct 04116)
    E-mail: craabe@rc.com
    Edward J. Heath (ct20992)
    E-mail: eheath@rc.com
    Robinson & Cole LLP
    280 Trumbull Street
    Hartford, CT 06103
    Tel.: (860) 275-8200
    Fax: (860) 275-8299

    Hubert J. Santos (ct00069)
    E-mail: hsantos@santos-seeley.net
    Santos & Seeley, P.C.
    51 Russ St.
    Hartford, CT 06106
    Tel.: (860) 249-6548
    Fax: (860) 725-5533

    David M. Kelly, Esq. (ct26060)
    E-mail: david.kelly@finnegan.com
    Finnegan, Henderson, Farabow, Garrett
        & Dunner, LLP
    901 New York Avenue, N.W.
    Washington, D.C. 20001-4413
    Tel.: (202) 408-4050
    Fax: (202) 408-4400

## **CERTIFICATE OF SERVICE**

      This is to certify that a copy of the foregoing was served electronically, on this 27 day of July, 2007, to the following counsel of record:

Robert P. Dolian, Esq.
Cummings & Lockwood LLC
Four Stamford Plaza
P.O. Box 120
Stamford, CT  06904-0120

Martin J. Elgison, Esq.
David J. Stewart, Esq.
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA  30309-3424

                                                    /s/ Edward J. Heath_____
                                                    Edward J. Heath