IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **CARLOS A. ARREDONDO, in his capacity as Trustee of The 2000 Trust for the Grandchildren of Carlos A. Arredondo and Mari V. Arredondo, General Partner of Arredondo Properties Limited Partnership,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CAESAR A. ARREDONDO, et al.**<br><br>**Defendants.** | **CIVIL ACTION NO.:**<br>**3:02 CV 02200 (CFD)**<br><br><br><br><br><br>**JULY 27, 2007** |

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES**
**TO FIRST AMENDED COMPLAINT**

**I.    ANSWER**

**COUNT ONE**

1.     The defendants admit that this is a declaratory judgment action pursuant to 28 U.S.C. § 2201.  The defendants deny that APLP is the owner of the WESTY marks and they deny the plaintiff's claim for relief.

2.     The defendants admit that the Carlos Arredondo Trust is one of two general partners of APLP, which is a limited partnership organized and existing under the laws of the state of Connecticut.  The defendants have insufficient information upon which to form a belief as to the remainder of the allegations in paragraph 2 and therefore leave the plaintiff to his proof.

3.     The defendants admit Paragraph three in the respect that the Caesar Arredondo Trust and the Carlos Arredondo Trust are equal general partners of APLP.

4.     The defendants admit that Caesar Arredondo resides at 20 Windrose Way, Greenwich, CT.

5.     Admitted.

6. Admitted

7. Admitted.

8. Admitted.

9. The defendants admit that in 1980 the brothers formed APLP as a vehicle for investing, preserving and growing capital for future generations of the descendants of Angeles T. Arredondo. The defendants admit the remainder of the allegations in paragraph 9.

10. The defendants admit that since 1991, APLP has owned, as a passive investor, certain limited liability companies, which, in turn, own real estate upon which high-end self-storage facilities, services and related goods are provided. The defendants further admit that Arredondo & Co., LLC ("A & Co."), under agreements with the limited liability companies, operates the self-storage facilities under A & Co.'s WESTY trademarks and service marks.

11. The defendants admit that the first built WESTY storage facility was located in Port Chester, New York and since the opening of that facility, fifteen other WESTY facilities have been established in Connecticut, New York and New Jersey and are operated by A & Co. under A & Co.'s WESTY trademarks and service marks. The defendants deny the remainder of the allegations in paragraph 11.

12. The defendants admit that a WESTY facility opened in Elmsford, New York in 1998 and is operated by A & Co. under A & Co.'s WESTY trademarks and service marks. The defendants deny the remainder of the allegations in paragraph 12.

13. The defendants admit that there are sixteen self-storage facilities being operated by A & Co. under A & Co.'s WESTY trademarks and service marks. The defendants deny the remainder of the allegations in paragraph 13.

14. Admitted.

15. Denied.

16. The defendants admit that A & Co. was created in the manner alleged and provided the services alleged. To the extent alleged, the defendants deny that the services listed are the exclusive services provided by A & Co. and the defendants deny that APLP is the direct recipient, and only recipient, of A & Co.'s services. To the extent alleged, the defendants deny that APLP has an active role in the development or operation of WESTY facilities.

17. Denied.

18. The defendants admit that through advertising, promotion and numerous business practices and other factors and use in connection with high-quality goods and services, the WESTY marks are associated with one of the best-known and most widely-respected brand names in the self-storage industry. The defendants deny the remainder of the allegations in paragraph 18.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. The defendants admit that Carlos sold his half-interest in A & Co. to Caesar as of December 31, 1999. The defendants deny that the sale was for "a fraction of its true value," and the defendants have insufficient information upon which to form a belief as to the remainder of the allegations in paragraph 23 and therefore leave the plaintiff to his proof.

24. The defendants admit that as of January 1, 2000, A & Co. indisputably owned all of the trademark rights that are the subject of this action. The defendants deny the remainder of the allegations in paragraph 24.

25. Admitted.

26. The defendants admit that on or about October 30, 2002, Carlos sent Caesar the letter attached to the complaint as Exhibit A. The defendants deny the substance of the remaining allegations in paragraph 26.

27. The defendants admit that on or about October 30, 2002, Caesar sent to Carlos the letter attached to the complaint as Exhibit B and the defendants admit that Caesar denied that APLP ever owned the WESTY marks and admit that A & Co. owns the marks. The defendants deny the remainder of the allegations in paragraph 27.

28. The defendants admit that A & Co. filed a trademark registration application on or about September 3, 2002 for the Terrier Design, and admit that the PTO assigned application serial number 76-446,778 to that application. The defendants deny the remainder of the allegations in paragraph 28.

29. The defendants incorporate their responses paragraphs 1 through 28.

30. Denied.

31. Denied.

**COUNT TWO**

32. The defendants incorporate by reference paragraphs 1 through 31 of their Answer to Count One as if fully set forth herein.

33. Denied.

34. Admitted.

35. The defendants admit that Caesar Arredondo, acting in his capacity as trustee of the Caesar Arredondo Trust, did not consent to APLP funds being used to pay for costs and legal

fees incurred in connection with this lawsuit. The defendants deny the remaining allegations contained in paragraph 35.

36.  Denied.

**COUNT THREE**

37.  The defendants incorporate by reference paragraphs 1 through 36 of their Answer to Count Two as if fully set forth herein.

38.  Denied.

39.  Denied.

40.  Denied.

II.  **AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE TO ALL COUNTS

The plaintiff is estopped from obtaining the requested relief.

SECOND AFFIRMATIVE DEFENSE TO ALL COUNTS

The plaintiff has waived the claims asserted in the complaint.

THIRD AFFIRMATIVE DEFENSE TO ALL COUNTS

The plaintiff's claims are barred by the doctrine of accord and satisfaction.

FOURTH AFFIRMATIVE DEFENSE TO ALL COUNTS

The plaintiff's claims are barred by the doctrine of laches.

FIFTH AFFIRMATIVE DEFENSE TO ALL COUNTS

The plaintiff's claims are barred by the doctrine of acquiescence.

SIXTH AFFIRMATIVE DEFENSE TO ALL COUNTS

The plaintiff's claims are barred by the plaintiff's failure to comply with the terms and conditions of the APLP Partnership Agreement.

                    DEFENDANTS,
                    CAESAR A. ARREDONDO, et al.

By /s/ Edward J. Heath
    Craig A. Raabe (ct 04116)
    E-mail: craabe@rc.com
    Edward J. Heath (ct20992)
    E-mail: eheath@rc.com
    Robinson & Cole LLP
    280 Trumbull Street
    Hartford, CT 06103
    Tel.: (860) 275-8200
    Fax: (860) 275-8299

    Hubert J. Santos (ct00069)
    E-mail: hsantos@santos-seeley.net
    Santos & Seeley, P.C.
    51 Russ St.
    Hartford, CT 06106
    Tel.: (860) 249-6548
    Fax: (860) 725-5533

    David M. Kelly, Esq. (ct26060)
    E-mail: david.kelly@finnegan.com
    Finnegan, Henderson, Farabow, Garrett
       & Dunner, LLP
    901 New York Avenue, N.W.
    Washington, D.C. 20001-4413
    Tel.: (202) 408-4050
    Fax: (202) 408-4400

**CERTIFICATE OF SERVICE**

      This is to certify that a copy of the foregoing was served electronically, on this 27th day of July, 2007, to the following counsel of record:

Robert P. Dolian, Esq.
Cummings & Lockwood LLC
Four Stamford Plaza
P.O. Box 120
Stamford, CT  06904-0120

Martin J. Elgison, Esq.
David J. Stewart, Esq.
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA  30309-3424

                                           /s/ Edward J. Heath
                                           Edward J. Heath