IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **CARLOS A. ARREDONDO, in his capacity as Trustee of The 2000 Trust for the Grandchildren of Carlos A. Arredondo and Mari V. Arredondo, General Partner of Arredondo Properties Limited Partnership,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CAESAR A. ARREDONDO and ARREDONDO & CO., LLC,**<br><br>**Defendants.** | **CIVIL ACTION FILE**<br><br>**NO. 3:02 CV 2200 (CFD)**<br><br><br><br>**FEBRUARY 14, 2008** |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**

Plaintiff Carlos A. Arredondo ("Plaintiff") hereby files its Memorandum of Law in Opposition to Defendants' Motion for Leave to Amend Answer (Dkt. 115) ("Motion for Leave") filed by Defendants Caesar A. Arredondo and Arredondo & Co., LLC (collectively "Defendants"). For the reasons set forth below, Defendants' Motion for Leave should be denied.

**Introduction**

Defendants' state in their Motion for Leave that they "believ[ed] . . . they had directed the Sixth Affirmative Defense to all three counts [of the First Amended Complaint]. . . ." (Motion for Leave ¶ 3). This argument is belied by the very pleading they are now trying to amend. In all capital letters, Defendants stated in their Answer and Affirmative Defenses that their Sixth Affirmative defense applied *only* to "COUNTS TWO AND THREE." All other affirmative defenses were expressly made applicable "TO ALL COUNTS."

LEGAL01/13074122v3

Defendants made a calculated and considered decision four years prior to filing the present motion to limit their Sixth Affirmative Defense to Counts II and III of the First Amended Complaint. Defendants did not seek leave to add this defense to the case until nearly three years after discovery closed. Allowing Defendants to amend their answer to present a new defense at this late stage, well after discovery, summary judgment, and trial preparations have been completed, would substantially prejudice Plaintiff. Given the inordinate delay and undue prejudice to Plaintiff, Defendants' motion should be denied.

**Relevant Factual and Procedural Background**

Plaintiff filed its First Amended Complaint ("Complaint") in this case on July 22, 2003. (Dkt. 33). Count I of the Complaint seeks a declaration that Arredondo Properties Limited Partnership ("APLP") owns the WESTY and WESTY'S trademarks and service marks. Count II of the Complaint is for a declaration that Plaintiff is entitled to recovery of its attorneys' fees incurred in connection with this case pursuant to the terms of the APLP Partnership Agreement, and Count III is for a declaration that Plaintiff is entitled to recovery of its attorneys' fees pursuant to Connecticut law.

Defendants filed their Answer and Affirmative Defenses on August 5, 2003. (Dkt. 35). Defendants asserted six affirmative defenses. Defendants expressly stated that their first five affirmative defenses applied "TO ALL COUNTS" of Plaintiff's Complaint. (*Id.*) (capitalization in original). As their Sixth Affirmative Defense, Defendants stated that "plaintiff's claims are barred by the plaintiff's failure to comply with the terms and conditions of the APLP Partnership Agreement." (*Id.*) However, unlike its prior five defenses, Defendants expressly limited this defense in all capital letters to just "COUNTS TWO AND THREE." (*Id.*)

Discovery closed on August 13, 2004. (Dkt. 58). The deadline for filing summary judgment motions was November 15, 2004 (Dkt. 58), and both sides timely moved for summary judgment. (Dkt. 63, 67). In response to Plaintiff's motion for summary judgment, Defendants did not assert their Sixth Affirmative Defense as a defense to Plaintiff's motion for summary judgment on Count I of its Complaint. (Dkt. 72).

The Court denied both sides' motions for summary judgment in an order dated September 20, 2005. (Dkt. 85). The Joint Trial Memorandum was due and filed by the parties on December 16, 2005. (Dkt. 93.)

As a part of the Joint Trial Memorandum, Defendants for the first time in the case attempted to assert their Sixth Affirmative Defense as a defense to Count I of the Complaint. (*Id.* at 30). In a Motion in Limine that was part of the Joint Trial Memorandum, Plaintiff moved to exclude the defense because it had not been pled, and Plaintiff had no opportunity to conduct discovery regarding the defense. (*Id.*, Ex. C at 6). Defendants made no attempt to add the defense to the case until they filed the present motion on July 27, 2007, nearly *three years* after discovery closed in this case, and more than a *year and a half* after Plaintiff expressly brought the issue to their attention.

### Argument and Citation of Authority

**I.    Applicable Standard**

Rule 8(c) of the Federal Rules of Civil Procedure states that a party "shall set forth" affirmative defenses in a responsive pleading. Fed. R. Civ. P. 8(c). The "[f]ailure to plead an affirmative defense in the answer results in the waiver of that defense and its exclusion from the case." *United States for and on Behalf of Maritime Admin. v. Continental Illinois Nat. Bank and*

*Trust Co. of Chicago*, 889 F.2d 1248, 1253 (2d Cir.1989) (citations and internal quotations omitted).

"[I]t is within the sound discretion of the district court to grant or deny leave to amend . . . . A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). In the Second Circuit, parties are typically permitted to amend their pleadings unless the non-movant can demonstrate prejudice or bad faith. *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). However, "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Id*.

The Second Circuit has noted that after receiving notice of an opponent's claims or defenses, "a [party] may conduct his trial preparation accordingly and is not required, based on the [opposition's] subsequent conduct in litigation, to anticipate future claims [or defenses] that [the opposition] might intend to pursue." *McCarthy*, 482 F.3d at 202-03. Given this, the Second Circuit has routinely upheld district court decisions to deny leave to amend pleadings after an inordinate delay. *Id.* at 202 (upholding the denial of a motion to amend after discovery had closed, defendants had filed for summary judgment, and nearly two years had passed since the filing of the original complaint); *Zahra v. Town of Southold*, 48 F.3d 674, 686 (2d Cir. 1995) (upholding the denial of a motion to amend a complaint that was filed two and one-half years after the commencement of the action and three months prior to trial); *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir.1985) (upholding the denial of a motion to amend a complaint when discovery already had been completed and the non-movant had already filed a motion for summary judgment). Moreover, a "proposed amendment is especially

prejudicial when discovery ha[s] already been completed and [the] non-movant ha[s] already filed a motion for summary judgment." *Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) (internal quotation marks omitted).

This Court has recently confronted a situation closely analogous to the one in this case. *Enzo Biochem, Inc. v. Applera Corp.*, 243 F.R.D. 45, 48-50 (D. Conn. 2007). In *Enzo*, the defendant sought leave to add additional affirmative defenses two and a half years after the filing of their answer, and one day prior to the deadline for submission of summary judgment briefs to the Court. *Id*. This Court, citing the Second Circuit in *Block*, held that a delay of such length served as a "proxy" for prejudice, reducing plaintiff's burden of showing prejudice. *Id*. at 49. Given that discovery had closed and a trial was on the horizon, this Court denied the defendant's motion for leave to amend. *Id*.

## II. The Court Should Deny Defendants' Motion for Leave Because of the Exceptional Delay and Undue Prejudice to Plaintiff.

Defendants' "unexplained delay" in this case is of exceptional length, far longer than the respective delays in *Enzo*, *McCarthy*, *Zahra*, or *Ansam*. It was not until long after the conclusion of discovery and trial preparations that the Defendants raised the Sixth Affirmative Defense as a defense to Count I for the first time. Plaintiff immediately notified Defendants and the Court that this defense had not been properly pled, but Defendants still made no attempt to properly add the defense until a year and a half later.

Given the delay of four years between the filing of Defendants' Answer (August 5, 2003) and the filing of their Motion for Leave (July 27, 2007), Plaintiff's obligation to show prejudice is significantly reduced. Even under this diminished requirement, however, the fact that Defendants specifically *excluded* Count I from their Sixth Affirmative Defense means that

Plaintiff has had no opportunity to explore the factual or legal basis for the defense during discovery.

The defense is broadly worded and does not identify how Plaintiff allegedly failed to comply with partnership agreement: "plaintiff's claims are barred by the plaintiff's failure to comply with the terms and conditions of the APLP Partnership Agreement." (Dkt. 35). To fully explore the nature and extent of the defense and be prepared to rebut it at trial, Plaintiff would need, at a minimum, to serve document requests and interrogatories on Defendants and re-depose Defendant Caesar A. Arredondo. However, Plaintiff has no ability to do so because discovery closed in the case three and a half years ago. And, even if Plaintiff knew the factual and legal basis for the defense, Plaintiff has been foreclosed by Defendants' delay from disposing of the defense through summary judgment. The Second Circuit appears to have had cases just such as this in mind when it held in *Krumme* that a "proposed amendment is especially prejudicial when discovery ha[s] already been completed and [the] non-movant ha[s] already filed a motion for summary judgment."

Defendants' Motion for Leave is a clear attempt to make an end-run around the Court's scheduling order. Defendants made a tactical decision not to assert the Sixth Affirmative Defense against Count I of the Complaint. The fact that they have now had second thoughts about this decision – four years after they filed their answer – is not a legitimate reason to allow the addition of the defense, particularly in light of the serious prejudice Plaintiff would face in not being able to properly defend the defense at trial. Defendants' motion should therefore be denied.

Respectfully submitted, this 14th day of February, 2008.

   /s/ Jason D. Rosenberg
MARTIN J. ELGISON (ct24759)
DAVID J. STEWART (ct24757)
JASON D. ROSENBERG (phv01770)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Ph (404) 881-7000; Fax (404) 881-7777

ROBERT P. DOLIAN (ct04278)
CUMMINGS & LOCKWOOD LLC
Four Stamford Plaza, P.O. Box 120
Stamford, Connecticut 06904-0120
Ph  (203)327-1700; Fax  (203) 708-5647

Counsel for Plaintiff

CERTIFICATE OF SERVICE

      This is to certify that a copy of the foregoing *PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER* was served electronically via CM/ECF, on this 14th day of February, 2008, to the following counsel of record:

CRAIG A. RAABE (CT04116)
EDWARD J. HEATH (CT20292)
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-8200
Facsimile: (860) 275-8299
craabe@rc.com
eheath@rc.com

HUBERT J. SANTOS (CT00069)
Santos & Steeley, P.C.
51 Russ Street
Hartford, CT 06106
Phone: (860) 249-6548
hsantos@santos-seeley.net

DAVID M. KELLY, *pro hac vice*
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
1300 I Street, NW
Washington, DC 20005-3315
Phone: (202) 408-4000
David.kelly@finnegan.com

                                                    /s/   Jason D. Rosenberg
                                                    Jason D. Rosenberg